MULLINS *v.* BARRETT *et al.*

No. 16262. July 13, 1948.

*Herschell V. Shelton* and *Alton T. Milam*, for plaintiff in error.
*Henderson & Burtz* and *Howell Brooke*, contra.

ATKINSON, Justice. (After stating the foregoing facts.) While a mere allegation of weakness of mind not amounting to imbecility is not sufficient to set forth a cause of action for cancellation of· a deed, there being no allegation of fraud or undue influence (compare *Jones* v. *Hogans,* 197 *Ga.* 404, 410 (4), 29 S. E. 2d, 568, and citations), nevertheless, where the mental weakness is pronounced, such as would prevent the grantor from understanding the nature of his act at the time the deed was executed, and especially where, as alleged in this case, such mental impairment is united with alleged undue and controlling influence on the part of one occupying a confidential relationship with the illiterate grantor, it will authorize a cancellation on the ground of fraud. See *Maddox* v. *Simmons,* 31 *Ga.* 512 (7).

"Any relations shall be deemed confidential, arising from nature or created by law, or resulting from contracts, where one

party is so situated as to exercise a controlling influence over the will, conduct, and interest of another; or where, from similar relation of mutual confidence, the law requires the utmost good faith; such as partners, principal and agent, etc." Code, § 37-707.

Taking the allegations of the petition to be true, as must be done in considering the general demurrers, the petition as amended set forth a cause of action.

Allegations of mental weakness of the character above mentioned, when united with alleged undue and controlling influence on the part of one occupying a confidential relationship with the illiterate grantor, setting forth a cause of action for cancellation, as we have held, it necessarily follows that the petition was not subject to demurrer on the grounds, (a) that the facts therein set out show on their face that the plaintiff's remedy is barred by the statute of limitations; (b) that the plaintiff is guilty of laches; and (c) that the successors of the grantor have been in possession under duly recorded deeds for a period of more than eleven years. This is true for the reason that, if the grantor as alleged did not have the mental capacity to understand simple subjects or to transact any business during the time in question, he would not have had sufficient mental capacity to undertake to maintain a suit for the recovery of his property. See, in this connection, the Code, §§ 3-801, 85-411; *Mayer* v. *Waterman*, 150 *Ga.* 613 (1) (104 S. E. 497); *Morris* v. *Mobley*, 171 *Ga.* 224 (2) (155 S. E. 8), and citations.

The present case is distinguished by its facts from *Jones* v. *Johnson*, 203 *Ga.* 282 (46 S. E. 2d, 484), and similar cases, in which no question of mental impairment was involved.

The petition as amended alleged that no part of the consideration named in the deed had been paid. Therefore, there was nothing to restore as between the plaintiff and the immediate grantee. Under the pleadings it appears that the grantee had conveyed the property for a valuable consideration to a co-defendant, but the petition contains the further allegation that all the defendants took with notice. It follows that the petition set forth a cause of action for some of the substantial relief prayed, and the trial court erred in dismissing the action on general demurrer. *Arteaga* v. *Arteaga,* 169 *Ga.* 595 (4) (151 S. E. 5).

The allegations of the petition to the effect that after the petitioner was moved from his land he and his wife began inquiring what rights they had, when his wife was hailed into court, declared insane, and sent to the State Hospital at Milledgeville where she. stayed for two months before being released by the hospital authorities because she was not insane, and that the petitioner had fear that either he or members of his family would be sent to Milledgeville at the hands of the defendant Barrett if he further attempted to exercise his rights to his lands—were subject to the special demurrer interposed by the defendants Cagle, Lawson, Long, and Gray, on the ground that the allegations do not show any reason for intimidation, in that it is not charged that any of the defendants had anything to do with the petitioner's wife being declared insane. Accordingly, the trial court did not err in sustaining this ground of special demurrer.

*Judgment affirmed in part, and reversed in part. Jenkins, Chief Justice, Duckworth, Presiding Justice, Wyatt, Head and Candler, Justices, and Judge Lilly concur.*