41354, 41391.  LOWE v. BAILEY et al.; and vice versa.

BELL, Presiding Judge.  Plaintiff brought an action for injuries to his person.  The petition alleged the injuries occurred on September 16, 1961.  The petition was filed on September 16, 1963.

Actions for injuries to the person shall be brought within two years after the right of action accrues.  *Code* § 3-1004.  The day of the injury must be counted in determining whether the action was brought within the period of limitation, and no fractions of days are recognized.  Thus this action, commenced on September 16, 1963, based on an injury occurring on September 16, 1961, is barred by the statute.  *Dowling v. Lester,* 74 Ga. App. 290, 292 (1) (39 SE2d 576); *Gibson v. Kelley,* 88 Ga. App. 817 (78 SE2d 76).

By amendment to his petition the plaintiff alleged in substance that due to the pain and suffering he endured for two days after the injury coupled with anesthesia having been administered to him, he was in a state of shock, mentally incompetent to transact business and was insane.  These things he contends, tolled the running of the statute for two days following his injury.  See *Code* § 3-801.

There is no merit in this contention.

"Statutes of limitation are considered as beneficial and resting on principles of a sound public policy, and as not to be evaded except by the methods provided therein; indeed, they are now termed statutes of repose, and are regarded as essential to the security of all men . . .  And courts can not engraft on such statutes exceptions not contained therein, however inequitable the enforcement of the statute, without such exceptions, may be."  *Harrison v. Holsenbeck,* 208 Ga. 410, 412 (67 SE2d 311).  See *Bank of Jonesboro v. Carnes,* 187 Ga. 795, 798 (2 SE2d 495, 130 ALR 1).

The judgment of the trial court overruling the general demurrer which expressly invoked the bar of the statute of limitation is reversed.

The above ruling renders it unnecessary for us to review the error assigned in the main bill of exceptions.  The error there assigned was that the trial court erred in sustaining the defendant's general demurrer based on the ground that the petition stated no cause of action.

*Judgment reversed on the cross bill of exceptions; main bill dismissed. Frankum and Hall, JJ., concur.*

SUBMITTED JUNE 9, 1965—DECIDED SEPTEMBER 8, 1965—
REHEARING DENIED OCTOBER 22, 1965.

*Wyman C. Lowe,* pro se.

*Edward White, Thomas Allan Rice, Nall, Miller, Cadenhead & Dennis,* contra.