25556. SPEARMAN v. JONES, Administratrix.

SUBMITTED DECEMBER 8, 1969—DECIDED JANUARY 8, 1970.

*J. Ben Warren, E. Roy Lambert,* for appellant.
*D. D. Veal,* for appellee.

MOBLEY, Presiding Justice. This appeal is from the denial of a motion for summary judgment. The case was certified for immediate review.

Sarah Spearman Jones, as administratrix of Henry L. Spearman, brought a complaint against George A. Spearman. It was alleged that: Henry L. Spearman died intestate on September 26, 1961, owning described real and personal property. Long prior to his death, the intestate was old, senile, weak-minded, and lacked mental capacity for managing his business or making valid deeds or other contracts, a condition which grew continually worse until his death. From about 1950 until the intestate's death, the defendant petted, humored, and beguiled the intestate into allowing him to handle his affairs, and since the death of the intestate, the defendant has taken possession of all of the real and personal property of the intestate. The defendant fraudulently, and for the purpose of perfecting and perpetuating his misappropriation of the assets of the estate, filed and prosecuted strenuous resistance and objections to the plaintiff's appointment as administratrix, which delayed

her in filing this action. The plaintiff demands an accounting of the assets of the estate of Henry L. Spearman, and judgment for the amounts found due; recovery of the land described in the complaint, with all rents, profits, and other income therefrom; injunction against the defendant, enjoining him from trespassing on the property and from interfering with the plaintiff in the administration of the estate; damages; and other relief.

In his answer the defendant alleged that: Henry L. Spearman left no estate whatever on his death, because on October 31, 1955, he executed a warranty deed to the defendant, which was recorded on the same date, conveying all of his real and personal property, reserving a life estate to himself and his sister. The defendant objected to the appointment of the plaintiff as administratrix because Henry L. Spearman left no estate. Copy of the warranty deed is attached to the answer.

Thereafter the defendant moved the court to render summary judgment in his favor. On the same date the motion for summary judgment was set for hearing, the plaintiff filed an amendment to her complaint, alleging: The defendant knew that Henry L. Spearman was old, senile, weak mentally, and incapable of making valid deeds long prior to, and up to the time of his death. Acting with this knowledge, and with the purpose of defrauding him of his property, he obtained a deed from Henry L. Spearman, conveying his land and personal property. The recited consideration of the deed was $5 and "love and affection," which was wholly inadequate and insufficient to support a valid conveyance, the value of the property being then from $75,000 to $100,000. The deed was void and without any consideration whatsoever, the defendant being a remote relative of the intestate, and the recited love and affection having been produced by fraud, deceit, trickery, and impositions upon the intestate and his weak mind by the defendant. At the time of the execution of the deed, Henry L. Spearman did not know and did not understand or comprehend its contents, and was too weak mentally to comprehend the effects of his signing the deed. None of the heirs at law discovered that the defendant had obtained the deed until after

the intestate's death on September 26, 1961. Upon discovery of the fact, the plaintiff, with the consent and at the instance of numerous heirs, applied for administration on Henry L. Spearman's estate at the October term, 1964, of Jasper Court of Ordinary. The defendant filed a caveat to the application, claiming that the intestate owed no debts and owned no estate, real or personal, and that there was no need of any administration. The defendant amended his caveat by alleging that the intestate was indebted to him in stated particulars. The caveat was sustained by the court of ordinary. The plaintiff appealed to the superior court, and on the trial there the court directed a verdict in favor of the plaintiff. On April 6, 1967, the ordinary granted her application to be appointed administratrix, and issued to her letters of administration. The amended complaint prays that the deed from the intestate to the defendant be canceled and set aside.

The defendant (appellant here) contends in his enumeration of errors that the court erred in denying his motion for summary judgment because the pleadings, and documentary evidence made a part thereof, conclusively show that the action is barred by the statute of limitation and by laches.

No evidence was submitted in support of the motion for summary judgment. Since the amended complaint alleges that the grantor was mentally incapable of making a valid deed at the time the deed to the defendant was executed, and remained so until the time of his death, no statute of limitation would run, nor equitable bar of laches be imposed, prior to his death, to prevent the cancellation of the deed. *Harrison v. Holsenbeck*, 208 Ga. 410, 414 (67 SE2d 311). The complaint was filed on February 12, 1968, which was within the statute of limitation of seven years after the death of Henry L. Spearman, on September 26, 1961.

The plaintiff administratrix initiated proceedings to secure her appointment in 1964, and because of the resistance of the defendant to her appointment, did not obtain her letters of administration until April, 1967, less than a year before the complaint was filed. Neither the allegations of the complaint, nor the answer of the defendant, show any facts which would

30

require a court of equity to impose the bar of laches. See *Mayer v. Waterman,* 150 Ga. 613 (104 SE 497); *Morris v. Mobley,* 171 Ga. 224 (2) (155 SE 8); *Mullins v. Barrett,* 204 Ga. 11 (48 SE2d 842).

The trial judge, treating the motion for summary judgment as a motion for judgment on the pleadings, properly denied the motion.

*Judgment affirmed. All the Justices concur.*