45524.  MAYOR &c. OF ATHENS v. SCHAEFER.

PANNELL, Judge. This was an action involving a complaint against a municipality. The municipality made a motion for summary judgment on the ground that the complainant had not complied with the provisions of *Code* § 69-308, which provides that no action may be maintained against a municipal corporation unless the complainant "within 6 months of the happening of the event upon which such claim is predicated" presents in writing such claim to the governing authorities of the municipal corporation, etc., the notice of such claim not having been presented until one day after the expiration of the 6-month period provided in the statute. The complainant as shown in her complaint, contended that subsequent to receiving the injury upon which the complaint is based, she was so mentally incapacitated as to toll the running of the statute of limitation under the provisions of *Code* §§ 3-801 and 3-802, which provide: "Infants, idiots, or insane persons, or persons imprisoned, who are such when the cause of action shall have accrued, shall be entitled to the same time, after the disability shall have been removed, to bring an action, as is prescribed for other persons . . . If either of the foregoing disabilities shall happen after the right of action shall have accrued, and shall not be voluntarily caused or undertaken by the person claiming the benefit thereof, the limitation shall cease to operate during its continuance." After consideration of the pleadings, admissions, interrogatories, affidavits and depositions, the trial judge denied the municipality's motion for summary judgment and the municipality appealed to this court with the proper certificate of review. *Held:*

According to the definition of "mental incompetence" contained in *Code* § 114-306 relating to the filing of workmen's compensation claims established by this court in *Royal Indem. Co. v. Agnew,* 66 Ga. App. 377, 380 (18 SE2d 57), there is no distinction between one mentally incompetent and one who is insane, and the test to be applied as to the tolling of a statute of limitation is this: "Is his mind so unsound, or is he so weak in his mind, or so imbecile, no matter from what cause, that he cannot

manage the ordinary affairs of life?"

There was ample evidence adduced in the materials considered by the court from which a jury could find that the claimant was for a period of several days incapable of managing the ordinary affairs of life. If such be found to be the case, the statute of limitation would be suspended during that period of time. *Lacy v. Ferrence,* 222 Ga. 635 (151 SE2d 763). The trial judge did not err in overruling the municipality's motion for summary judgment.

*Judgment affirmed. Jordan, P. J., concurs. Eberhardt, J., concurs in the judgment.*

SUBMITTED SEPTEMBER 10, 1970—DECIDED OCTOBER 16, 1970— REHEARING DENIED NOVEMBER 3, 1970—

*Erwin, Epting, Gibson & Chilivis, Gary B. Blasingame,* for appellant.

*William T. Gerard,* for appellee.