45968. CLINE v. LEVER BROTHERS COMPANY et al.

PANNELL, Judge. Patsy Diane Cline, as next friend of Hal Cline, brought an action against Lever Brothers Company and Raymond R. Burgess, seeking to recover damages against them on the ground that the defendants had fraudulently conspired to, and did, withhold medical testimony in a hearing before the Board of Workmen's Compensation of the State of Georgia, in which the complainant here was the claimant employee and the defendants the employer, the insurance carrier, and the claimant's attorney. A motion to dismiss of the employer and insurer was sustained on June 8, 1970, by Wendell Horne, Jr., Superior Court Judge Emeritus presiding, and a motion to dismiss by the defendant Burgess was sustained by the judge of the superior court on October 29, 1970. A notice of appeal was filed the 16th day of November, 1970, which recited that both orders were being appealed from. A supplemental transcript of the record in the lower court was certified and sent to this court disclosing that the judge of the superior court on the 26th day of June, 1970 (after the order dismissing the complaint as to the employer and insurer) dated and entered an order reciting that he had requested the Honorable O. Wendell Horne, Jr., Judge Superior Court Emeritus, to assist the court in the trial of cases "during the month of June, 1970, beginning with the first day of June" pursuant to Ga. L. 1966, p. 73; Ga. L. 1966, p. 177; Ga. L. 1962, pp. 547, 548. The appellant enumerated error on both the orders appealed from. Motions were made to dismiss the appeal on the ground that no transcript of the proceeding, as mentioned in the notice of appeal was included in the record on appeal, and on the ground that the first order being void, the case is still pending as against the two defendants, the employer and the insurer, and that, therefore, the appeal from the second order is premature. *Held:*

1. It not appearing that the transcript is necessary to a decision of this case and it not appearing that the failure to file a transcript, or any delay in its filing, caused any delay in the transmittal of the appeal, the motion to dismiss on this ground is denied.

2. Until this court so declares on appeal that the judgment sustaining the motion to dismiss as to the employer and the insurer is void and reverses that judgment and that judgment is made the judgment of the lower court, neither the employer nor the insurer is a party in the court below, nor is said case pending against them in the court below insofar as the validity of the appeal from the judgment of October 29 is concerned. The second ground of the motion to dismiss is denied.

3. The judgment by the judge emeritus of the superior court sustaining the motion to dismiss the complaint as to the employer and the insurer, under the ruling by the Supreme Court in *Adams v. Payne,* 219 Ga. 638 (135 SE2d 423), is a void judgment and must be reversed for that reason.

4. This leaves for determination the question of whether the dismissal of the complaint as to the attorney by the judge of the superior court was proper. The attorney appellee contends that the statute of limitation on actions for fraud in the superior court is four years and that the petition showed on its face that it is barred and that the appellant's only remedy is by appeal within thirty days from the award of the Board of Workmen's Compensation under Code § 114-710.

(a) Where, as a result of an occurrence giving rise to a cause of action, the person injured becomes mentally and physically incapacitated so as to be incapable of acting for himself in carrying on his business and in prosecuting his claim, and where no guardian is appointed for him, the statute of limitation for the bringing of an action is tolled until such time as he regains capacity to act for himself or until such time as a guardian is appointed and actually does act for him, or until such time as one bona fide acting for him as next friend thereafter, during the continuance of the disability of plaintiff, brings an action seeking recovery for the injury sustained. *City of Atlanta v. Barrett,* 102 Ga. App. 469 (116 SE2d 654); *Mullins v. Barrett,* 204 Ga. 11 (1a) (48 SE2d 842). The petition alleges that from the time of his injury to the present time, the claimant was and has been mentally incompetent. This is a sufficient allegation to permit proof that the claimant was incapable of acting for himself under *Code* § 3-801 during the time in question.

(b) The remaining question is whether the claimant's sole remedy was by appeal to the superior court under *Code* § 114-710 of the Workmen's Compensation Act. In this connection the following cases are relied upon by the appellee: *Mull v. Aetna Cas. &c. Co.,* 120 Ga. App. 791 (172 SE2d 147); *Simpson v. Liberty Mut. Ins. Co.,* 99 Ga. App. 629, 635 (109 SE2d 876); *Argonaut Ins. Co. v. Hix,* 120 Ga. App. 415 (170 SE2d 762); *McCord v. Employers Liab. Assurance Corp.,* 96 Ga. App. 35, 38 (99 SE2d 327); *Tigue v. American Mut. Liab. Ins. Co.,* 108 Ga. App. 723 (134 SE2d 525). Whether or not the claimant's remedy by action for damages against the employer and the insurance carrier may be barred because of the provisions of the Workmen's Compensation Act, which includes fraud in the procurement of the award as a ground of appeal, we do not decide. We have here a claim for damages against an attorney who represented the claimant and who the claimant alleges was guilty of fraud in securing the award. There is nothing in the Workmen's Compensation Act which would prevent the employee claimant from recovering damages of his attorney if the attorney be guilty of fraud in procuring the award before the Board of Workmen's Compensation by fraudulently withholding evidence from the board as to the claimant's true condition which resulted in an award by agreement less than what would have resulted if the withheld evidence had been presented to the board. Accordingly, the trial court erred in dismissing the claim upon motion for the attorney defendant.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

ARGUED FEBRUARY 1, 1971—DECIDED JUNE 8, 1971.

*William R. Parker,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., John C. Gray, Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr., J. Stephen Jenkins,* for appellees.