### 57485. LOWE et al. v. PUE.

UNDERWOOD, Judge.

We have before us an issue as to the tolling of the statute of limitation in this action brought by Mr. and Mrs. Lowe for damages arising out of an automobile collision in which Mrs. Lowe was injured. In order to avoid the bar of the statute, it was alleged in paragraph 6 of the amended complaint:

"For a period of three weeks following the crash and as the direct and proximate result of the crash plaintiff Joan A. Lowe was totally physically and mentally incapacitated with the result that she was incompetent to manage her affairs for a period of approximately three weeks following the crash."

Defendant nevertheless insisted upon his motion to dismiss filed pursuant to CPA § 12 (b) (6) (Code Ann. § 81A-112 (b) (6)), contending that certain of the claims were barred by the two-year limitation period set forth in Code Ann. § 3-1004; and the question before us is whether Lowe's allegation, quoted above, is sufficient, as a matter of pleading, to invoke the tolling of the statute pursuant to Code §. 3-801.

We find that it is sufficient, and consequently the judgment of the trial court granting the motion to dismiss must be reversed. We also deem it necessary to overrule *Lowe v. Bailey,* 112 Ga. App. 516 (145 SE2d 622) (1965), and *Davis v. Hill,* 113 Ga. App. 280 (3) (147 SE2d 868) (1966), since in those cases we did not consider case law construing Code § 3-801.

That section, made applicable to tort actions by § 3-1005, provides: "Infants, idiots, or insane persons, or persons imprisoned, who are such when the cause of action shall have accrued, shall be entitled to the same time, after the disability shall have been removed, to bring an action, as is prescribed for other persons." Code §

3-801.

What is the meaning of "insane persons" as used in this statute? Early on it was said, in the context of a determination of the mental capacity sufficient to make deeds: "In defining insanity, no stereotyped form of words is necessary." *Dicken v. Johnson,* 7 Ga. 484, 491 (1849). The same principle would appear to be applicable to the definition of insanity under § 3-801 since we find that those conditions of mental disability sufficient to avoid deeds and contracts also operate to toll the statute of limitation under § 3-801, for the reason that the person involved "would not have had sufficient mental capacity to undertake to maintain a suit for the recovery of his property." *Mullins v. Barrett,* 204 Ga. 11, 15 (48 SE2d 842) (1948). Accord, *Taylor v. Colley,* 138 Ga. 41, 46 (74 SE 694) (1912). ("If the complainant was not barred by the alleged accord and satisfaction [because without sufficient mental capacity to contract], she is not barred of her action 'by laches and lapse of time . . .' "); *Spearman v. Jones,* 226 Ga. 27, 29 (172 SE2d 602) (1970) ("Since the amended complaint alleges that the grantor was mentally incapable of making a valid deed at the time the deed to the defendant was executed, and remained so until the time of his death, no statute of limitation would run, nor equitable bar of laches be imposed, prior to his death, to prevent the cancellation of the deed."); *Harrison v. Holsenbeck,* 208 Ga. 410, 414 (67 SE2d 311) (1951) ("In view of the allegation that the grantor, at the time of the execution of the deeds involved, was mentally incapable of making the deeds due to her mental capacity and remained so until her death, no limitation would run during her lifetime . . .").

In *Royal Indem. Co. v. Agnew,* 66 Ga. App. 377 (18 SE2d 57) (1941), a workers' compensation case, we treated as substantially similar the terms "insane persons," as found in § 3-801, and "mentally incompetent" persons as found in Code § 114-306, the latter of which exempts such persons from the application of § 114-305, the one-year limitation period of the Workers' Compensation Act. We held there that "[t]he question . . . is not whether [claimant] is such an idiot or lunatic or so insane that he ought to be sent to the asylum, or even have a guardian for

his person, but, was he . . . so 'mentally incompetent' (non compos mentis or insane), so unsound in mind, or so imbecile in intellect, that he could not manage his ordinary affairs of life? If there be such a degree of unsoundness of mind or imbecility as to incapacitate one from managing the ordinary business of life, it will authorize the board to find that the claimant was 'mentally incompetent' and thus to find that the statute was tolled during the period of time the claimant is 'mentally incompetent' and until the disability shall have been removed. Code § 3-801 . . ." *Royal Indem.,* supra, 66 Ga. App. at 380.

In *Mayor &c. of Athens v. Schaefer,* 122 Ga. App. 729 (178 SE2d 764) (1970), we applied this same test with reference to the 6-month ante-litem notice required in suits against municipalities, holding as in *Royal Indemnity* that "there is no distinction between one mentally incompentent and one who is insane," and that "[t]here was ample evidence . . . from which a jury could find that the claimant was for a period of several days incapable of managing the ordinary affairs of life. If such be found to be the case, the statute of limitation would be suspended during that period of time." *Schaefer,* supra, 122 Ga. App. at 729-730. We had reached a like result in *City of Atlanta v. Barrett,* 102 Ga. App. 469 (116 SE2d 654) (1960), explicitly holding that the 6-month notice provision of § 69-308 is a statute of limitation to which the tolling provisions of § 3-801 apply, and that ". . . where, as a result of the occurrence giving rise to the cause of action [the plaintiff] becomes mentally or physically incapacitated so as to be incapable of acting for himself in carrying on his business and in prosecuting his claim . . .," the time limit specified in § 69-308 is tolled.

In *Alexander v. Boston Old Colony Ins. Co.,* 127 Ga. App. 783 (195 SE2d 277) (1972), we again utilized the § 3-801 standards by analogy, in this instance to a contractual 12-month limitation period in an insurance policy. The amendment to the complaint in that suit on the policy asserted "that [plaintiff] was without mental capacity to properly transact his business from the date of his aforesaid loss;" and we held, citing § 3-801 and other authority, that this amendment "alleged facts which, if

proved, would toll the contractual limitation" and thereby created an issue of fact for jury determination. See also *Keith v. McLanahan,* 147 Ga. App. 342, 345 (249 SE2d 128) (1978).

*Cline v. Lever Bros. Co.,* 124 Ga. App. 22 (183 SE2d 63) (1971), was an action for fraud in withholding medical testimony in a workers' compensation proceeding in which the plaintiff in the fraud suit had been the injured claimant. One of the defendants contended that the trial court had properly dismissed the complaint as to him on the ground that it was barred by the 4-year limitation on actions for fraud. In reversing we held: "The petition alleges that from the time of his injury to the present time, the claimant was and has been mentally incompetent. This is a sufficient allegation to permit proof that the claimant was incapable of acting for himself under Code § 3-801 during the time in question." Accord, even as to pre-CPA pleading: *Morris v. Mobley,* 171 Ga. 224 (1) (155 SE 8) (1930). In holding the pleading good in *Cline* we again applied the rule as formulated in *City of Atlanta v. Barrett,* 102 Ga. App. 469, supra, stating that the statute of limitation is tolled in those instances "[w]here, as a result of an occurrence giving rise to a cause of action, the person injured becomes mentally and physically incapacitated so as to be incapable of acting for himself in carrying on his business and in prosecuting his claim . . ." *Cline,* supra, 124 Ga. App. at 23. Accord, *Lacy v. Ferrence,* 222 Ga. 635 (151 SE2d 763) (1966).

Clearly under this array of authority we must hold good, as against the motion to dismiss, the allegation that as a result of the crash Mrs. Lowe "was totally physically and mentally incapacitated with the result that she was incompetent to manage her affairs . . ." The position adopted in *Lowe v. Bailey,* supra, and followed in *Davis v. Hill,* supra, is contrary to the construction given Code § 3-801 by the cases discussed herein. But as former Chief Judge Bell observed in *Aultman v. Spellmeyer,* 111 Ga. App. 769, 773 (143 SE2d 403) (1965): "Some courts live by correcting the errors of others and adhering to their own. . . . At the peril of their lives they must discover error abroad and be discreetly blind to its commission at home. *Ellison v. Georgia R. Co.,* 87 Ga. 691, 695-696 (1891). These

admonitions are but another way of saying honestly that appellate courts are courts for the correction of errors including their own." In that spirit we overrule *Lowe v. Bailey* and *Davis v. Hill*, supra.

*Judgment reversed. Deen, C. J., Quillian, P. J., McMurray, P. J., Smith, Birdsong, Banke and Carley, JJ., concur. Shulman, J., not participating.*

ARGUED MARCH 6, 1979 — DECIDED MAY 14, 1979 — REHEARING DENIED JUNE 7, 1979 —

*Arnall, Golden & Gregory, Earnest H. DeLong, Jr.,* for appellants.

*Greer, Klosik & Daugherty, Frank J. Klosik, Jr., Fred J. Stokes,* for appellee.