## 61989. MULLINS v. BELCHER.

SHULMAN, Presiding Judge.

Plaintiff filed a legal malpractice action arising from defendant's representation of plaintiff in a criminal matter in March, 1976, at which time plaintiff pled guilty to several charges pending against him. Subsequently, the Supreme Court reversed the trial court's denial of plaintiff's petition for habeas corpus relief, finding that plaintiff had been denied the effective assistance of counsel. *Mullins v. Hopper,* 242 Ga. 123 (249 SE2d 606). On January 24, 1979, plaintiff was found not guilty of the criminal charges by reason of insanity at the time of the commission of the acts. He was sent to Central State Hospital for treatment and was released on March 1, 1979, after it was judicially determined that he did not meet the criteria for civil commitment. See Code Ann. § 27-1503 (a).

The instant case was filed on July 2, 1980, and defendant promptly filed a motion to dismiss the complaint on the ground that the statutory period of limitation had expired. The trial court granted defendant's motion, and plaintiff appeals.

1. A four-year statute of limitation which begins to run from the date of the attorney's alleged negligent act is applicable to a suit for legal malpractice. *Riser v. Livsey,* 138 Ga. App. 615 (227 SE2d 88); *Master Mortgage Corp. v. Byers,* 130 Ga. App. 97 (202 SE2d 566). Thus, the period of limitation in the instant action began to run the day plaintiff pled guilty, March 24, 1976, more than four years before this litigation was instituted. However, plaintiff maintains that the four-year limitation period was tolled by reason of his insanity (see Code Ann. § 3-801) and that his complaint was timely since it was filed within four years of the determination that he was sane (March 1, 1979).

2. In order to invoke the tolling of the period of limitation pursuant to Code Ann. § 3-801, plaintiff's complaint had to contain an allegation pertaining to insanity. *Lowe v. Pue,* 150 Ga. App. 234 (257 SE2d 209). Plaintiff maintains that he sufficiently pled his insanity disability by naming the case in which defendant represented him (in which case an order finding plaintiff insane was entered nearly three years after defendant represented him), and by alleging that defendant had breached the duty owed plaintiff by "willfully, intentionally and negligently failing to investigate, develop and present the defense of not guilty by reason of insanity." We agree with the trial court that those allegations are not sufficient to invoke the tolling of the statute of limitation pursuant to Code Ann. § 3-801. Compare *Lowe v. Pue,* supra; *Cline v. Lever Bros. Co.,* 124 Ga. App. 22 (183 SE2d 63); *Hamilton v. Lockridge,* 123 Ga. App.

609 (181 SE2d 910). Furthermore, "plaintiff has offered no amendment to overcome the defense of statute of limitation. Neither has the plaintiff here sought to introduce affidavits to overcome the affirmative defense as [he] might have. [Cits.] The result was that the affirmative defense of statute of limitation appeared on the face of the complaint and the trial judge on that evidence alone granted the motion to [dismiss] . . . This was not error . . . Were we to hold that the motion to [dismiss] was improperly granted because the plaintiff *might* have a defense to the running of the statute of limitation the purpose and intent of the CPA would be frustrated. When a complaint shows on its face that the statute of limitation has run and there is no further showing by amendment or by affidavit that a tolling of the statute is possible, a motion to [dismiss] the barred claims is properly granted." *Leggett v. Benton Bros. Drayage &c. Co.,* 138 Ga. App. 761, 768 (227 SE2d 397). See *Hemphill v. Congoleum Corp.,* 142 Ga. App. 83 (234 SE2d 859); *Addington v. Ohio Southern Express,* 118 Ga. App. 770 (165 SE2d 658).

3. Plaintiff contends that the grant of the motion to dismiss was improper since he had attempted to introduce evidence concerning plaintiff's sanity at the hearing on the motion and had submitted the evidence with his response to defendant's motion at the request of the trial court. Plaintiff argues that the trial court considered matters other than the pleadings and therefore should have treated the motion to dismiss as a motion for summary judgment. Plaintiff further argues that the motion to dismiss should not have been granted since the proffered material presented a genuine issue concerning the material fact of plaintiff's tolling disability.

The evidence proffered by plaintiff was not introduced and admitted at the hearing on the motion to dismiss; thus, the motion was not converted to one for summary judgment. Compare *Levine v. First Bank of Savannah,* 154 Ga. App. 730 (1) (270 SE2d 20); *Newsrack Supply, Inc. v. Heinle,* 127 Ga. App. 843 (195 SE2d 193). The attachment of an exhibit to the brief in response to the motion to dismiss did not convert that motion to one for summary judgment, because a brief is not admissible as evidence and the court cannot consider factual representations in a brief which do not appear in the record. *Coweta Bonding Co. v. Carter,* 230 Ga. 585 (1) (198 SE2d 281); *Sovern v. Sovern,* 156 Ga. App. 752 (3) (275 SE2d 791); *Gray v. State,* 156 Ga. App. 117 (3) (274 SE2d 115). Based on the pleadings contained in the record, the trial court did not err when it granted defendant's motion to dismiss.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 11, 1981.

*Thomas McKee West,* for appellant.
*Jerry Willis, D. Ray McKenzie, Jr.,* for appellee.