65868. SHEATS v. TRI-CITIES HOSPITAL AUTHORITY et al.

SOGNIER, Judge.

Appellees, Tri-Cities Hospital Authority, Dr. Edmund J. Makoski and Dr. Nestor Pedutem, raised the statute of limitation as a defense to a medical malpractice suit brought by appellant, Wallace Sheats. Sheats asserted that his claim was not barred because the statute of limitation had been tolled by his incompetency. In a separate jury trial to determine whether Sheats had been incompetent, a verdict was returned for the defendants and Sheats appeals.

Appellant contends that the trial court erred by allowing the introduction into evidence of a guilty plea (to a criminal charge) made by appellant in the time period he claimed to have been incompetent, because it was irrelevant character evidence and it prejudiced the jury against him. The test to be applied as to the tolling of the statute of limitation due to incompetency is this: " 'Is his mind so unsound, or is he so weak in his mind, or so imbecile, no matter from what cause, that he cannot manage the ordinary affairs of life?' " *Mayor &c. of Athens v. Schaefer,* 122 Ga. App. 729-730 (178 SE2d 764) (1970). Pleading guilty to a criminal charge is one of many aspects of carrying out the ordinary business of life. Thus, the guilty plea constituted some evidence of appellant's competency and was relevant to the issue before the jury. Relevant evidence is not subject to an objection that it might prejudice the jury since " '[t]he Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value.' " *Sprouse v. State,* 242 Ga. 831, 833 (252 SE2d 173) (1979). The trial court did not err in admitting this evidence.

Appellant also contends that the trial court abused its discretion when it allowed appellees to read to the jury selected portions of

depositions taken from appellant and his mother. OCGA § 9-11-32 (a) (4) (Code Ann. § 81A-132) provides in pertinent part: "The deposition of a witness, whether or not a party, taken upon oral examination, may be used in the discretion of the trial judge, even though the witness is available to testify in person at the trial." The Georgia Supreme Court has recently stated: "A decision by the trial court to admit into evidence a deposition taken upon oral examination where the witness is available shall be reversed only when the party objecting to the admission of the deposition shows that the trial court abused its discretion." *Atlanta Coca-Cola Bottling Co. v. Rosser,* 250 Ga. 52, 54 (295 SE2d 827) (1982). Appellant here has failed to make a showing of such abuse.

Finally, appellant alleges that the trial court erred in permitting a defendant, Dr. Makoski, to give expert testimony when the doctor had not been listed as an expert witness in response to plaintiff's interrogatories. In view of appellant's failure to follow the proper procedure and move for a continuance, the trial court's admission of this testimony is not ground for a new trial. *Nathan v. Duncan,* 113 Ga. App. 630 (149 SE2d 383) (1966).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JUNE 24, 1983.

*Stuart Meyers,* for appellant.
*Sidney F. Wheeler, D. Keith Calhoun, Michael T. Bennett,* for appellees.