A94A0813. PRICE v. DEPARTMENT OF TRANSPORTATION
et al.
(446 SE2d 749)

ANDREWS, Judge.

This case has been before this court several times. Appellate rulings have issued in this matter in *Price v. Dept. of Transp.*, 257 Ga. 535 (361 SE2d 146) (1987), overruling 182 Ga. App. 353 (356 SE2d 45) (1987); *Dept. of Transp. v. Price*, 208 Ga. App. 320 (430 SE2d 602) (1993); *Ethridge v. Price*, 194 Ga. App. 82 (389 SE2d 784) (1989); *Price v. Wright Contracting Co.*, 183 Ga. App. 595 (359 SE2d 406) (1987); and *Price v. Reeves Constr. Co.*, 181 Ga. App. 241 (351 SE2d 655) (1986).

The litigation arose out of an automobile accident that occurred

---

on May 10, 1983 in Albany, Georgia, in which Hattie Eileen Price was severely and permanently injured. Price filed suit, alleging that "the negligence of two automobile drivers caused a collision with her vehicle forcing her off the roadway and down a high hill which was on a bridge approach. She alleged the roadway was part of the state highway system under the jurisdiction of DOT and that it was maintained in an extremely hazardous condition. She particularly pointed to the absence of guardrails. A later amendment to the complaint named three employees of DOT, the maintenance area manager, district traffic and safety engineer and state road design engineer, whose negligence in the design and maintenance of the roadway she alleged contributed to her injuries and damages. The suit named DOT and its three employees as defendants together with the other automobile drivers, City of Albany, Dougherty County and two private corporations." *Price v. Dept. of Transp.*, supra 257 Ga. at 535.

1. Price filed suit on May 9, 1985 in her own name. She amended her complaint on August 5, 1985 to proceed through her mother as next friend due to her incapacity from brain damage.

Two previous appearances of this case are relevant to our inquiry here.[1] In *Price v. Dept. of Transp.*, supra, the Supreme Court addressed DOT's motion for summary judgment which was based on sovereign immunity. Interpreting the Georgia Constitution, the court stated that for certain actions there is a waiver of sovereign immunity. The court noted that Price's action was against both employees of DOT and the DOT, and thus the State, itself. It stated "DOT is a defendant and liable in tort, if at all, only because of the doctrine of respondeat superior. That is why it is a defendant in this action." Id. at 536. The court concluded that since insurance protection for such a claim had been provided and since the policy named DOT employees as insureds, sovereign immunity was waived to the extent of the insurance coverage.

On reconsideration, the court noted that the motion to add individual employees as defendants was pending below. It stated "[w]hen the case returns to the trial court the judge shall rule on the motion to add the employees as defendants. If they, or any of them, are made defendants there is a waiver of sovereign immunity as to the DOT as stated in the opinion. Since a waiver depends upon the presence of a claim in the action for which liability insurance protection has been provided, if no employee is made a party defendant there will be no waiver as to DOT. In that event summary judgment for DOT is af-

---

[1] We note that the 1991 amendment to the Georgia Constitution, Art. I, Sec. II, Par. IX will not be addressed here, since it does not apply to actions pending on January 1991, the amendment's effective date. *Donaldson v. Dept. of Transp.*, 262 Ga. 49, 53 (3) (414 SE2d 638) (1992).

firmed." Id. at 537-538.

In *Ethridge v. Price,* supra, the issue of the individual party defendants was addressed. Upon the return of the case to the trial court, the motion to add DOT employees Ethridge, Tyre and Mims as party defendants was granted. They were served with copies of the amended complaint in February 1988 and then filed a motion for summary judgment.

In a per curiam opinion, the court concluded that the motion for summary judgment of Mims, a retired DOT employee, was properly granted. The court then concluded that, "[e]ither for the reason stated in the special concurrence of Judge Sognier or for the reason stated in the special concurrence of Judge Benham," id. at 84, summary judgment should have been granted to the other two newly added defendants. Judge Sognier's concurrence stated that though the statute of limitation remained tolled against Price, Ethridge and Tyre were entitled to summary judgment on the substantive merits. Then Judge Benham concluded that the individuals should have been granted summary judgment based on the statute of limitation. On December 5, 1989, the *Ethridge* decision was rendered. The case returned to the trial court and on March 8, 1990, Price moved to add as party defendants Colvin, Kratzer, Emery and Thompson, all individuals who had been employed by DOT. On January 25, 1991, the trial court allowed the parties to be added.

On July 20, 1993, defendants Kratzer, Colvin, Emery and DOT moved for summary judgment. Subsequently Thompson, who had not been served in the action, also filed a motion for summary judgment. In the motion, the defendants argued that DOT's response to Price's interrogatories on June 26, 1985 identified all of them as individuals involved in the development of the highway.

The trial court granted the motion finding that, despite OCGA § 9-3-90, both the applicable statutes of limitation and of repose had run as to the defendants Emery, Colvin, and Kratzer. Citing *Cline v. Lever Bros. Co.,* 124 Ga. App. 22, 23 (4) (a) (183 SE2d 63) (1971), and *City of Atlanta v. Barrett,* 102 Ga. App. 469 (116 SE2d 654) (1960), the court found that the applicable two-year statute of limitation began to run with the involvement of Price's next friend in the suit on August 5, 1985 and that the addition of Colvin, Kratzer, and Emery was barred.

The trial court recognized that under OCGA § 9-3-90, in the instance of a minor, the disability is not removed until she attains her lawful majority, any actions taken on her behalf by a guardian or next friend notwithstanding. See generally *Whalen v. Certain-Teed Products Corp.,* 108 Ga. App. 686, 687 (134 SE2d 528) (1963); *Barnum v. Martin,* 135 Ga. App. 712 (2) (219 SE2d 341) (1975). Nevertheless, the court determined that the difference in the tolling provisions for

minors and legal incompetents was rational, since while a person's status as a minor terminated at a certain time, with legal incompetency the condition might remain a lifetime. The court then concluded that the statute of repose under OCGA § 9-3-51 also barred the action against the defendants.

The court determined that its rulings applied to defendant Thompson, who was not served in the action until September 21, 1993. Since there were no employees or former employees of the DOT remaining as party defendants, pursuant to *Ga. Dept. of Human Resources v. Poss*, 263 Ga. 347 (434 SE2d 488) (1993), the court dismissed the DOT from the action. This appeal followed.

In her sole enumeration of error, Price claims that the court erred in granting summary judgment. First she argues that Georgia law is clear that the statute of limitation does not run against the claims of an incapacitated plaintiff. She contends that the clear language of the statute shows that the statute is tolled. She cites OCGA § 9-2-21, which provides that the cause of action lies with the incompetent, not her next friend, and claims that this section mandates that the statute remain tolled.

OCGA § 9-3-90 (a) provides: "Minors and persons who are legally incompetent because of mental retardation or mental illness, who are such when the cause of action accrues, shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons." There is no dispute that the accident at issue in this case rendered Price mentally incompetent.

"Where as a result of an occurrence giving rise to a cause of action, the person injured becomes mentally and physically incapacitated so as to be incapable of acting for himself in carrying on his business and in prosecuting his claim, and where no guardian is appointed for him, the statute of limitation for the bringing of an action is tolled until such time as he regains capacity to act for himself or until such time as a guardian is appointed and actually does act for him, or *until such time as one bona fide acting for him as next friend thereafter, during the continuance of the disability of plaintiff, brings an action seeking recovery for the injury sustained.*" (Emphasis supplied.) *Cline v. Lever Bros. Co.*, supra at 23; see also *City of Atlanta v. Barrett*, supra.

Here, we cannot agree with Price that the statute of limitation continued indefinitely. Consistently with the cases cited above, we conclude that the entry into the case of Price's mother, as next friend started the statute running and that it expired on August 5, 1987.[2]

---

[2] In her reply brief, Price raises for the first time arguments regarding the applicability of OCGA § 9-11-15 (c). Because this issue was not raised by her initially, it is improperly before this court. Moreover, the substance of this argument is meritless. See *Ethridge v.*

See generally *Jim Walter Corp. v. Ward*, 245 Ga. 355 (265 SE2d 7) (1980). Because of our conclusion, we need not address the arguments raised regarding the statute of repose under OCGA § 9-3-51.

2. Price also argues that the trial court erred in granting summary judgment as to the DOT. She relies upon an amendment to the complaint which she filed on August 25, 1993, in which she claimed that the DOT failed to establish standards for its employees regarding guardrails, raised median barriers, and curbs and claimed that these failures constituted an entire want of care which would raise the presumption of conscious indifference to the consequences. Filed with the amendment was the affidavit of a consulting engineer in which he stated that the failure to have installed guardrails and the installation of a curb constituted inexcusable neglect.

Evidently, Price relies on the exception to immunity set forth in *Logue v. Wright*, 260 Ga. 206 (392 SE2d 235) (1990), in which the court stated that under *Price*, "[i]t is important to keep in mind that the immunity is for negligent acts, not for malicious acts, acts of corruption, wilful acts, or acts involving reckless disregard for the safety of others." Id. at 206-207.

The grant of summary judgment as to the DOT was proper. First, as the Supreme Court noted in this matter seven years ago in *Price*, supra, "DOT is a defendant and liable in tort, if at all, only because of the doctrine of respondeat superior. That is why it is a defendant in this action." To the extent that Price's August 25, 1993 amendment set forth new claims arising out of the May 10, 1983 accident, they were time barred.

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED JUNE 20, 1994 —
RECONSIDERATION DENIED JULY 20, 1994 ■

*Burt & Burt, Hilliard P. Burt*, for appellant.
*Michael J. Bowers, Attorney General, Cathy A. Cox-Brakefield, Assistant Attorney General*, for appellees.
*Webb, Tanner & Powell, Ralph L. Taylor III, Franklin, Taulbee, Rushing & Bunce, Elizabeth F. Bunce*, amici curiae.