[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-11099
Non-Argument Calendar

_____

D.C. Docket No. 1:20-cv-01666-CAP

CHELLIS A. HOWARD,
Individually and as Guardian of the Person
and Conservator of the Property of
KWAME K. HOWARD, an Incapacitated
Adult other Kwame K. Howard,

                                            Plaintiff - Appellant,

versus

KIMLEY-HORN AND ASSOCIATES, INC.,

                                            Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 29, 2021)

Before JILL PRYOR, LUCK, and LAGOA, Circuit Judges.

LAGOA, Circuit Judge:

Chellis A. Howard appeals the district court's order dismissing Count 1 of the complaint—a personal injury claim on behalf of her husband—after the district court granted Kimley-Horne and Associate's motion for partial judgment on the pleadings. Howard filed the complaint in both her individual capacity and as guardian and conservator of Kwame K. Howard, her mentally incapacitated husband. Chellis Howard contends that the district court erred in finding that the tolling of the statute of limitations for mentally incapacitated individuals provided for by O.C.G.A § 9-3-90(a) ended when Howard filed a lawsuit on behalf of her husband as "next friend." In making its finding, the district court relied on several Georgia Court of Appeals cases.

In the alternative, Howard asks us to certify that question of state law to the Georgia Supreme Court, claiming that Georgia law is unsettled on this issue. For the reasons discussed below, we affirm the district court's order and deny the motion to certify a question of state law to the Georgia Supreme Court.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

In 2016, Atlanta Gas Light Company ("AGL") retained Kimley-Horn to provide engineering services and design drawings for a new thirty-six-inch diameter gas main line to run along and under portions of Interstate 20 ("I-20") in DeKalb County, Georgia. Kimley-Horn issued a design plan in July 2016, and AGL applied to the Georgia Department of Transportation ("GDOT") in August 2016 for a permit

for the project.  GDOT approved the permit with the inclusion of a special exception letter requiring that the project follow two specific safety standards to protect motorists on the interstate: (1) if a tunnel was bored and abandoned, it must be filled with grout immediately; and (2) the interstate be monitored by visual inspection for any irregularities during boring operations.  Work on the gas line project began in November 2016.

On December 7, 2016, an obstruction was encountered, and a decision was made to abandon the bore and commence boring a new tunnel approximately twelve feet away.  The abandoned bore, however, was not immediately filled as required by the safety standard; instead, contractors began filling the abandoned bore with grout on April 17, 2017.  This process resulted in cracking and buckling of the pavement in I-20's travel lanes.  Kwame Howard was operating a motorcycle on I-20 when this occurred, and upon encountering the disruption in the pavement, he lost control of his motorcycle and was thrown into the air, landing on the concrete roadway.  As a result of the accident, Kwame Howard suffered serious injuries, including traumatic and permanent brain injury and spinal injury.  Chellis Howard was subsequently appointed as the guardian and conservator of Kwame Howard on January 29, 2018, by the Probate Court of DeKalb County, Georgia.

On April 17, 2020, Chellis Howard, individually and as guardian and conservator of Kwame Howard, filed a complaint against Kimley-Horn, raising a

personal injury claim on behalf of her husband as well as a loss of consortium claim on her own behalf.  In her complaint, Chellis Howard stated that she had previously filed the same cause of action on behalf of her husband in the Superior Court of DeKalb County, Georgia, on January 8, 2020, and that the case was dismissed without prejudice on January 30, 2020.  In response, Kimley-Horn filed an answer and affirmative defenses, to which it attached a complaint for damages that Chellis Howard filed as Kwame Howard's "next friend" on August 29, 2017, in the State Court of DeKalb County, Georgia (the "2017 Lawsuit").  That complaint was brought against seven defendants that were allegedly involved in the same gas line project, but Kimley-Horn was not named as a defendant in the 2017 Lawsuit.

Kimley-Horn then filed a motion for partial judgment on the pleadings as to the personal injury claim (Count 1).  In its motion, Kimley-Horn asserted that the personal injury claim was time-barred under O.C.G.A. § 9-3-33 because: (1) the filing of the 2017 Lawsuit by Chellis Howard as Kwame Howard's next friend ended the tolling of the statute of limitations for the claim under O.C.G.A. § 9-3-90(a); and (2) the claim was filed more than two years after the complaint filed in the 2017 Lawsuit.  In support of its motion, Kimley-Horn attached the state court docket for the 2017 Lawsuit and a February 6, 2018, consent order allowing the filing of a second amended complaint in the 2017 Lawsuit.  Chellis Howard opposed the motion.

4

The district court granted Kimley-Horn's motion and took judicial notice of the state court documents in the 2017 Lawsuit.  Of relevance to this appeal, the district court rejected Challis Howard's argument that the statute of limitations did not apply to the personal injury claims, as it was tolled so long as her husband remained incapacitated.  The district court explained that the Georgia Court of Appeals had found that the tolling period under section 9-3-90 was limited when a guardian or next friend acts on behalf of an incapacitated individual in three separate cases: *Cline v. Lever Brothers Co.*, 183 S.E.2d 63 (Ga. Ct. App. 1971), *Price v. Department of Transportation*, 446 S.E.2d 749 (Ga. Ct. App. 1994), and *Harper v. Patterson*, 606 S.E.2d 887 (Ga. Ct. App. 2004).  The district court also rejected Chellis Howard's argument that the Georgia Court of Appeals had created judicially-made exceptions to the statute's language and that the Georgia Supreme Court would overturn *Cline*, *Price*, and *Harper* as engaging in "hypotheticals."  The district court further explained that it was unpersuaded that the Georgia Supreme Court "would disturb the historic and long-standing role of the next friend" by allowing the tolling to continue indefinitely.  The district court also found Chellis Howard's argument that the Georgia Supreme Court was inconsistently applying section 9-3-90 in cases concerning minors and incompetent persons unpersuasive, noting that the Georgia Court of Appeals had already rejected this position in *Price* and that Chellis Howard had not provided it with any Georgia Supreme Court authority directly on point for

5

her argument.  As such, the district court explained that it must apply case law from the Georgia Court of Appeals to the case.  And because Chellis Howard had filed the complaint in her case more than two years after she filed the complaint as next friend in the 2017 Lawsuit, the district court dismissed the personal injury claim.

On March 19, 2021, Chellis Howard filed an unopposed motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b).  The district court granted the motion, finding that the personal injury claim was finally adjudicated for Rule 54(b) purposes as that claim and Chellis Howard's individual loss of consortium claim were separately enforceable under Georgia law.  The district court further determined that there was no just reason to delay the appeal and, as such, entered judgment pursuant to Rule 54(b) on the personal injury claim and stayed the loss of consortium claim.  This appeal ensued.

## II.    STANDARDS OF REVIEW

We review *de novo* a district court's order granting a motion for judgment on the pleadings.  *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).  "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)).  "In determining whether a party is entitled to judgment on the pleadings, we accept as

6

true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." *Id.*

## III.    ANALYSIS

On appeal, Chellis Howard argues that the district court erred in dismissing the personal injury claim because the "plain language" of O.C.G.A. § 9-3-90(a) tolls the normal statute of limitations for mentally incapacitated individuals until "their disability is removed."   Because her husband's mental disability has not been removed, she contends that the tolling of the limitations period has not ended.  She asserts that the three cases issued by the Georgia Court of Appeals as to the statute— *Cline*, *Price*, and *Harper*—are "Outlier Cases" that ignored the statutory text and added a judicially-created rule that ends the tolling once a guardian or next friend acts on behalf of the mentally incapacitated individual.  Alternatively, she moves for this Court to certify the state law question at issue in this case to the Georgia Supreme Court, claiming that "Georgia law is unsettled because the Outlier Cases are in conflict with the governing statute and other controlling decision of the Georgia Supreme Court and this Court."  We address these arguments in tandem.

O.C.G.A. § 9-3-33 provides that, "[e]xcept as otherwise provided in this article, actions for injuries to the person shall be brought within two years after the right of action accrues."    O.C.G.A. § 9-3-90(a), however, provides that

7

"[i]ndividuals who are legally incompetent because of intellectual disability or mental illness, who are such when the cause of action accrues, shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons."  In analyzing the statute, the district court relied on three cases from the Georgia Court of Appeals in determining that the tolling provided by section 9-3-90(a) ended when Chellis Howard filed the 2017 Lawsuit on behalf of her husband as next friend.  First, in *Cline*, the plaintiff brought an action as next friend of a claimant who was mentally incapacitated, and the Georgia trial court dismissed the plaintiff's complaint as to one defendant for being outside the statute of limitations. *See* 183 S.E.2d at 65.  In reversing the dismissal, the Georgia Court of Appeals explained:

> Where, as a result of an occurrence giving rise to a cause of action, the person injured becomes mentally . . . incapacitated so as to be incapable of acting for himself in carrying on his business and in prosecuting his claim, and where no guardian is appointed for him, the statute of limitation for the bringing of an action is tolled until such time as he regains capacity to act for himself or *until such time as a guardian is appointed and actually does act for him, or until such time as one bona fide acting for him as next friend thereafter, during the continuance of the disability of plaintiff, brings an action seeking recovery for the injury sustained*.

*Id.* at 65–66 (emphasis added).

Subsequently, in *Price*, the Georgia Court of Appeals reaffirmed its holding in *Cline*.  446 S.E.2d at 752.  The plaintiff in *Price*, who was severely and permanently injured in an automobile accident, had filed suit against the defendants

8

in her own name initially but later amended her complaint "to proceed through her mother as next friend due to her incapacity from brain damage." *Id.* at 750. More than two years after the mother entered the case as next friend, the plaintiff sought to add new claims against new defendants to her suit. *See id.* at 751. The Georgia trial court, however, granted those defendants' motion for summary judgment, finding that, despite section 9-3-90, the statute of limitations had run. *Id.* On appeal, the plaintiff argued that the statute remained tolled because the cause of action lied with the incapacitated individual, not her next friend. *See id.* at 751. However, the Georgia Court of Appeals rejected this argument, relying on its holding in *Cline* and explaining that it could not agree "that the statute of limitation continued indefinitely." *Id.* at 752. Thus, the court concluded that the mother's entry into the case as next friend started the running of the limitations period. *Id.* In doing so, the Georgia Court of Appeals noted—without expressing disagreement—that the trial court had recognized, under section 9-3-90, "in the instance of a minor, the disability is not removed until she attains her lawful majority, any actions taken on her behalf by a guardian or next friend notwithstanding," but had nevertheless "determined that the difference in the tolling provisions for minors and legal incompetents was rational, since while a person's status as a minor terminated at a certain time, with legal incompetency the condition might remain a lifetime." *See id.* at 751.

9

Then, in *Harper*, the Georgia Court of Appeals relied on *Cline* and *Price* to conclude that the section 9-3-90 tolling for mentally incapacitated individuals ended "when the plaintiffs, through their next friends, filed suit on their claims" in federal court. *See* 606 S.E.2d at 890–91. Additionally, the court distinguished *Harper*, which involved the actual filing of a suit by a next friend on behalf of the incapacitated individual, from that "in which guardians were *merely appointed* for . . . disabled children," *id.* at 891 (emphasis added), which occurred in its decision in *Whalen v. Certain-Teed Products Corp.*, *see* 134 S.E.2d 528, 529–30 (Ga. Ct. App. 1963).

Chellis Howard urges us not to apply these three cases, asserting that they are contrary to the plain language of section 9-3-90, based on dicta, and against the "understanding of the statute expressed by both the Georgia Supreme Court and this Court." However, we have held that "[a] federal court applying state law is bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir. 1983). And "[a] federal court is bound by this rule whether or not the court agrees with the reasoning on which the state court's decision is based or the outcome which the decision dictates." *Id.*

We conclude that we are bound by the Georgia Court of Appeals's decisions in *Cline*, *Price*, and *Harper* interpreting section 9-3-90, as we are not persuaded that the Georgia Supreme Court would decide the issue—whether a next friend or guardian filing a suit on behalf of a mentally incapacitated individual ends the tolling of the limitations period—otherwise.  Indeed, none of the cases relied upon by Chellis Howard from the Georgia Supreme Court or this Court involve the filing of a suit by a next friend or guardian of a mentally incapacitated individual, nor do they indicate that the Georgia Supreme Court would not reach the same holding as *Cline*, *Price*, and *Harper*.  *See Kumar v. Hall*, 423 S.E.2d 653, 655–58 (Ga. 1992) (interpreting O.C.G.A. § 9-3-73(b), which governs the statute of limitations for medical malpractice claims by mentally incompetent individuals, by referencing the language of an older version of section 9-3-90); *Deen v. Stevens*, 698 S.E.2d 321, 325 (Ga. 2010) (noting that "[t]he legally incompetent are generally permitted to toll actions until their legal incompetence passes, but may not toll in cases of medical malpractice" (quoting *Deen v. Egleston*, 597 F.3d 1223, 1229 (11th Cir. 2010))); *Thompson v. Corr. Corp. of Am.*, 485 F. App'x 345, 347–48 (11th Cir. 2012) (examining whether a plaintiff met the mental incapacity standard set forth in section 9-3-90(a)); *Lawson v. Glover*, 957 F.2d 801, 805–06 (11th Cir. 1987) (same).

Chellis Howard also points to the statement by the Georgia Court of Appeals in *Whalen* that "since all the parties enumerated in [a predecessor statute to section

11

9-3-90] are in the same class, it follows that the law applicable to a minor is equally applicable to the other classes of persons enumerated." 134 S.E.2d at 530. Based on *Whalen*, she contends that because the incapacity of minors is not removed until they reach the age of majority, the section 9-3-90 tolling for a mentally incapacitated individual does not end until the disability causing the incapacity is removed.[1] Similarly, she asserts that, because the filing of a suit by a next friend or guardian ad litem on behalf of a minor does not start the running of the statute of limitations period under Georgia law, *see Barnum v. Martin*, 219 S.E.2d 341, 344 (Ga. Ct. App. 1975), *overruled on other grounds by Dep't of Pub. Safety v. Ragsdale*, 839 S.E.2d 541 (Ga. 2020), a next friend or guardian filing suit on behalf of a mentally incapacitated individual likewise does not end the tolling provided by section 9-3-90(a). However, the Georgia Court of Appeals has twice considered *Whalen* in addressing this issue, *see Price*, 446 S.E.2d at 87–88 (referencing the trial court's discussion of *Whalen*); *Harper*, 606 S.E.2d at 891 (distinguishing *Whalen*), but has nonetheless concluded that a next friend or guardian filing a suit on behalf of a mentally incapacitated individual ends the tolling provided by section 9-3-90(a). We therefore reject this argument.

---

[1] O.C.G.A. § 9-3-90(b) provides that "individuals who are less than 18 years of age when a cause of action accrues shall be entitled to the same time after he or she reaches the age of 18 years to bring an action as is prescribed for other persons." Before a 2015 amendment was enacted to section 9-3-90, the statute addressed both minors and mentally incompetent individuals in the same subsection. *See* O.C.G.A. § 9-3-90(a) (2015).

For similar reasons, we deny Chellis Howard's motion to certify this question of law to the Georgia Supreme Court.  "The decision whether to certify a question of state law to a state supreme court is committed to this court's discretion."  *Smigiel v. Aetna Cas. & Sur. Co.*, 785 F.2d 922, 924 (11th Cir. 1986).  Indeed, certification is not "automatic or unthinking," and "[w]e use much judgment, restraint and discretion in certifying" a question of state law.  *Royal Cap. Dev., LLC v. Md. Cas. Co.*, 659 F.3d 1050, 1055 (11th Cir. 2011) (quoting *State of Florida ex rel. Shevin v. Exxon Corp.*, 526 F.2d 266, 274–75 (5th Cir. 1976)).  The most important factors we consider in determining whether to certify is whether the question of state law is unsettled and "the closeness of the question and the existence of sufficient sources of state law . . . to allow a principled rather than conjectural conclusion."  *See id.* (alteration in original) (quoting *Shevin*, 526 F.2d at 274–75); *cf. Escareno v. Noltina Crucible & Refractory Corp.*, 139 F.3d 1456, 1461 (11th Cir. 1998) ("We sometimes will decide a question of state law, even when there is doubt as to how a state court would resolve the issue.").  As previously noted, the Georgia Court of Appeals has issued three separate decisions concluding that the filing of a suit by a next friend or guardian on behalf of a mentally incapacitated individual ends the tolling of the limitations period provided by section 9-3-90.  In other words, the question of state law before us is not unsettled, as the state intermediate appellate court has considered and opined on the issue several times.  And we are again not persuaded by Chellis

13

Howard's arguments that the Georgia Supreme Court would disapprove of *Cline*, *Price*, and *Harper*.

Here, it is undisputed that Chellis Howard filed the complaint in the 2017 Lawsuit as next friend of Kwame Howard against other defendants on August 29, 2017. Once she filed the 2017 Lawsuit as next friend, the tolling provided by section 9-3-90 ended, as explained by *Cline*, *Price*, and *Harper*, and the two year statute of limitations for personal injury claims under Georgia law began to run. *See* O.C.G.A. § 9-3-33. Chellis Howard did not file the complaint in the instant case, however, until April 17, 2020, i.e., more than two years after she filed the 2017 Lawsuit. Therefore, the statute of limitations for the personal injury claim was already expired when Chellis Howard filed the underlying complaint. Accordingly, the district court did not err in granting Kimley-Horn's motion for partial judgment on the pleadings and dismissing the personal injury claim.

## IV. CONCLUSION

For the foregoing reasons, we affirm the district court's grant of Kimley-Horn's motion for partial judgment on the pleadings and dismissal of the personal injury claim in Count 1 of the complaint, and we deny Chellis Howard's motion for certification to the Georgia Supreme Court.

**AFFIRMED.**