Jerry **LAWSON**, Plaintiff-Appellant,

v.

Frank **GLOVER**, et al., Defendants-Appellees.

No. 86-8453.

United States Court of Appeals, Eleventh Circuit.

Dec. 2, 1987.

E. Ronald Garnett, Augusta, Ga., for plaintiff-appellant.

Clay Stebbins, III, James B. Wall, Augusta, Ga., for defendants-appellees.

Before KRAVITCH and EDMONDSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

Plaintiff in a 42 U.S.C. § 1983 action appeals from the district court's order dismissing his complaint as untimely. Because we conclude that the district court incorrectly interpreted and applied the relevant Georgia law, we reverse and remand.

I.

On February 5, 1984, appellant Jerry Lawson was shot in the buttocks by appellee Frank Glover, an Augusta, Georgia police officer. Lawson was taken to the hospital where his wounds were treated. While in the hospital being treated for these injuries, Lawson allegedly exhibited signs of mental disturbance. The doctors requested that Lawson undergo psychiatric evaluations but Lawson refused to cooperate.

On May 31, 1984 Lawson was again hospitalized for treatment of the bullet wound.

During this hospitalization, the bullet fragment in Lawson's left hip was removed. According to the hospital reports attached to Lawson's response to defendants' motion to dismiss, Lawson was placed under general anesthesia while this procedure was being performed.

Subsequently, Lawson was incarcerated in the Augusta City Stockade. The first incarceration ran from July 10 to August 20, 1984; he was again incarcerated between April 22 and May 5, 1985.

On February 6, 1986, Lawson filed the instant section 1983 complaint against appellee Glover, various officials of the City of Augusta, Georgia (the City), and the City itself, seeking recovery under 42 U.S.C. § 1983 for Glover's alleged use of unreasonable force on February 5, 1984.

The defendants filed a motion to dismiss for failure to state a claim upon which relief could be granted, alleging that Lawson's action was time barred.[1] In response, the plaintiff asserted that the action was not barred because the Georgia statute of limitations would be tolled under the facts of this case. More specifically, the plaintiff alleged that the statute was tolled due either to his imprisonment, his physical and mental incapacity, or because he filed an ante litem notice with the City. To support these allegations, the plaintiff attached to his response hospital records showing that following the accident he was hospitalized on two separate occasions for a total of about two weeks; the records of the second hospitalization reveal, among other things, that Lawson was under general anesthesia for at least part of one day. Lawson also attached letters from his attorney to the Clerk of the City Council and the Mayor notifying them that he would be suing them for damages sustained as a result of the February 5, 1984 incident. The letter to the Clerk of the City Council was dated March 8, 1984, and the letter to the Mayor was dated April 9, 1984.[2]

1. All appellees except Frank Glover also filed an answer to Lawson's complaint. This answer, filed simultaneously with their motion to dismiss, asserted as an affirmative defense that the plaintiff's claims were barred by the statute of limitations.

2. Appellee Frank Glover filed an objection to all of the attached exhibits on the ground that the

The district court determined that the applicable statute of limitations is the two year Georgia statute for personal injury claims. O.C.G.A. § 9–3–33. Observing that the Georgia statute of limitations begins to run on the day the injury occurs, the district court found that, absent a toll, Lawson's action ran afoul of the Georgia statute by one day. After rejecting Lawson's various claims to a toll, the court dismissed the complaint.[3]

Lawson then filed a motion for reconsideration; with this motion he submitted additional medical evidence and an affidavit in which he alleged that, as a result of the shooting, he was mentally and physically incompetent for a period of three weeks. The district court denied the motion; this appeal followed.

## II.

Lawson does not contest the district court's conclusion that his section 1983 action is governed by Georgia's two year statute of limitations for personal injury claims, O.C.G.A. § 9–3–33. *See Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 1942, 1948–49, 85 L.Ed.2d 254 (1985) (section 1983 claims are governed by the relevant state's statute of limitations for personal injury claims). Nor does appellant contend that the district court was incorrect in concluding that, absent a toll, he ran afoul of the time limitations of O.C.G.A. § 9–3–33 by one day. *See Everhart v. Rich's, Inc.*, 229 Ga. 798, 802, 194 S.E.2d 425, 428 (1972); *see also Daniel v. Georgia R.R. Bank & Trust Co.*, 255 Ga. 29, 334 S.E.2d 659, 661 (1985) (statute of limitations on plaintiff's negligent arrest claim began to run on the day of the arrest). Rather, Lawson argues that the district court erred in holding that the statute was not tolled, for even one

plaintiff failed to comply with Rule 56(e) of the Federal Rules of Civil Procedure for the giving of affidavits. The district court never ruled on this objection.

3. In so ruling, the district court apparently considered the exhibits that plaintiff had attached to his response to the motion to dismiss. Rule 12(b) of the Federal Rules of Civil Procedure provides that if, on a motion to dismiss for failure to state a claim upon which relief can be

day, pursuant to O.C.G.A. §§ 9–3–90, 9–3–91 by virtue of either Lawson's alleged physical and mental incapacity or his incarceration, or pursuant to O.C.G.A. § 36–33–5 as a result of his filing of an ante litem notice with the City of Augusta.

### A. Tolling Due to Imprisonment

■ Lawson contends that the district court was incorrect in rejecting his claim that the statute of limitations was tolled during his various imprisonments. Specifically, Lawson argues that his first stay in the hospital was in reality an imprisonment and therefore the statute should have been tolled during that period; he also claims that the statute should have been tolled during his subsequent periods of incarceration in the Augusta City Stockade.

We conclude that the district court properly rejected this argument. Assuming arguendo that Lawson's hospitalization was an imprisonment, *see Acker v. Elberton*, 176 Ga.App. 580, 336 S.E.2d 842, 845 (1985), we conclude that neither this hospitalization nor Lawson's subsequent imprisonment effected a tolling of the statute of limitations pursuant to O.C.G.A. §§ 9–3–90, 9–3–91.

Lawson's claim that the statute was tolled due to his imprisonments is based on former O.C.G.A. § 9–3–90, which provided that:

> [m]inors, persons who are legally incompetent because of mental retardation or mental illness, *or persons imprisoned,* who are such when the cause of action accrues, shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons. (Emphasis added).

granted, "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment...." The hospital records and letters were "matters outside the pleadings." *See* Fed. R.Civ.P. 7(a); *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir.1982). Thus, although the district court did not make this clear in its order, it actually treated the motion to dismiss as one for summary judgment.

In 1984, however, section 9–3–90 was amended and the words "or persons imprisoned" were deleted from the statute. The amendment was effective on July 1, 1984.

Lawson argues that the old, not the amended statute, governs his case because his cause of action arose prior to July 1, 1984. We conclude that this argument is without merit, given the express language of the amendment. For, in addition to deleting the words "or persons imprisoned," the Georgia legislature added subsection (b), a retroactivity provision.[4] Subsection (b) provides that:

> [N]o action accruing to a person imprisoned at the time of its accrual which, prior to July 1, 1984, has been barred by the provisions of this chapter relating to limitations of actions shall be revived by this chapter, as amended. *No action accruing to a person imprisoned at the time of its accrual which would be barred before July 1, 1984, by the provisions of this chapter, as amended, but which would not be so barred by the provisions of this chapter in force immediately prior to July 1, 1984, shall be barred until July 1, 1985.* O.C.G.A. § 9–3–90(b). (Emphasis added).

Although the Georgia Supreme Court has yet to interpret this provision, the court construed a similarly worded retroactivity provision in another statute of limitations as rendering the new statute of limitations applicable to all actions viable as of the effective date of the new statute, with a one year grace period for those actions that would become time-barred by the application of the new rule. *Allrid v. Emory*

*University,* 249 Ga. 35, 285 S.E.2d 521, 524 (1982).

We conclude that subsection 9–3–90(b) should be similarly interpreted.[5] Accordingly, we affirm the district court's ruling that the imprisonment tolling provisions of former O.C.G.A. § 9–3–90 do not result in a tolling of the statute of limitations in the instant case. The grace period for imprisonment tolling claims based on imprisonments occurring prior to July 1, 1984, expired on July 1, 1985. *See* O.C.G.A. § 9–3–90(b). As Lawson's complaint was filed after the expiration of this grace period, the "imprisonment" tolling provisions of former O.C.G.A. § 9–3–90 have no effect on the applicable limitations period for Lawson's action.[6]

### B. Tolling Due to Physical and Mental Incapacity

Lawson also argues that the district court erred in granting the appellees' motion to dismiss on statute of limitations grounds because the running of the statute was tolled for at least the requisite one day pursuant to O.C.G.A. §§ 9–3–90, 9–3–91, due to Lawson's mental and physical incapacity.

In his response to appellees' motion to dismiss, Lawson alleged that the statute of limitations was tolled because "as a result of the injury caused by defendants, the plaintiff was physically and mentally incapacitated and was incompetent to manage his own affairs...." Appellees replied arguing that O.C.G.A. § 9–3–90 requires a showing (1) that plaintiff was "legally incompetent," (2) because of "mental retardation" or "mental illness" as defined in Title

---

**4.** Under Georgia law, remedial statutes, such as statutes of limitations, may be given retroactive effect provided that plaintiffs are allowed a reasonable period to enforce their rights. *See Allrid v. Emory University,* 249 Ga. 35, 285 S.E.2d 521 (1982).

**5.** The Georgia Court of Appeals decision in *Acker v. City of Elberton*—in which the court applied the "imprisonment" tolling provision of former § 9–3–90 to a complaint filed during the one-year grace period and alleging a toll due to imprisonments occurring prior to the effective date of the amended statute, 176 Ga.App. 580, 336 S.E.2d 842, 844–45 (1985)—is consistent

with our interpretation of § 9–3–90(b) based on the *Allrid* court's interpretation of its similarly-worded retroactivity provision.

**6.** Moreover, as to Lawson's claim that the statute of limitations should be tolled as a result of his imprisonments in the Augusta stockade, we observe that these imprisonments would not have tolled the statute of limitations even had Lawson's complaint been filed within the one-year grace period as the imprisonments occurred after the effective date of amended section 9–3–90. *See Allrid,* 285 S.E.2d at 524 (during the one-year grace period, the new statute applies).

37 of the Georgia Code. Accordingly, appellees contended that plaintiff could not withstand their motion to dismiss because plaintiff had not alleged either that he had been declared "legally incompetent" or that he was "mentally retarded" or "mentally ill."

The district court, without explaining what standard it was applying, granted appellees' motion to dismiss, stating simply that " [t]he facts alleged by plaintiff indicated that he was hospitalized, but this does not constitute "incapacity" as intended by O.C.G.A. § 9–3–90 (Supp.1985)." In so holding, the district court erred.

■ O.C.G.A. § 9–3–90 (Supp.1987) provides a tolling of the statute of limitations for "persons who are legally incompetent because of mental retardation or mental illness" for so long as their disability persists.[7] Appellee Glover argues on appeal, as he did below, that a plaintiff who alleges that the statute of limitations was tolled pursuant to section 9–3–90 must establish both that he was legally incompetent and that he was either mentally ill or mentally retarded as those terms are defined in Title 37 of the Georgia Code. Glover, however, cites no cases to support his interpretation of section 9–3–90. Moreover, he neglects to mention that the Georgia Court of Appeals, the highest Georgia court to have interpreted the mental incapacity tolling provision, has adopted a markedly different standard.

Specifically, the Georgia Court of Appeals consistently has employed the same standard for determining whether the statute of limitations should be tolled due to plaintiff's mental incapacity pursuant to section 9–3–90 as it employed under the mental incapacity provision of Ga.Code Ann. § 3–801, the predecessor statute to section 9–3–90. Under this standard:

[t]he test for mental incapacity is not whether one did not manage his own affairs, acquiescing in the management thereof by others, or whether one has merely managed his affairs unsuccess-

fully or badly. That one was not 'bright' or not clear about some matters occurring during the period is not evidence of mental incompetency. *The test is one of capacity—whether the individual, being of unsound mind, could not manage the ordinary affairs of his life.*

*Curlee v. Mock Enterprises, Inc.,* 173 Ga. App. 594, 327 S.E.2d 736, 742 (1985) (citations omitted; emphasis added) (interpreting O.C.G.A. § 9–3–90, *quoting Tri-Cities Hosp. Auth. v. Sheats,* 156 Ga.App. 28, 30, 273 S.E.2d 903 (1980) (interpreting Ga.Code Ann. § 3–801), *aff'd,* 247 Ga. 713, 279 S.E.2d 210 (1981); *see Modern Roofing & Metal Works, Inc. v. Owen,* 174 Ga.App. 875, 332 S.E.2d 14, 16 (1985) (plaintiff's claim that he was "unable to manage the ordinary affairs of his life" due to depression resulting from medical problems and job-related stress sufficed to invoke the tolling provisions of O.C.G.A. § 9–3–90); *cf. Whisnant v. Coots,* 176 Ga.App. 724, 337 S.E.2d 766, 768 (1985) (physical disability alone will not toll the running of the statute of limitations). As we are not aware of any persuasive indication that Georgia's Supreme Court would interpret O.C.G.A. § 9–3–90 otherwise, we adopt the standard for mental incapacity employed by the Georgia Court of Appeals. *See Flintkote Co. v. Dravo Corp.,* 678 F.2d 942, 948 (11th Cir.1982).

■ Turning to whether plaintiff's allegations in his response to the motion to dismiss were sufficient to withstand the motion, we observe that under the Georgia Court of Appeals' interpretation of section 9–3–90, a plaintiff may establish a toll due to mental incapacity based on the claim that, as a result of the occurrence giving rise to the cause of action, the plaintiff became "mentally and physically incapacitated so as to be incapable of acting for himself in carrying on his business and in prosecuting his claim." *Lowe v. Pue,* 150 Ga.App. 234, 257 S.E.2d 209, 210, 212 (1979); *see City of Atlanta v. Barrett,* 102 Ga.App. 469, 116 S.E.2d 654, 657–58 (1960).

7. While the tolling provisions of § 9–3–90 apply only where the plaintiff was disabled at the time the cause of action arose, § 9–3–91 extends this toll to those cases where the plaintiff's disability arose, involuntarily, subsequent to the accrual of his cause of action.

We conclude that under this standard Lawson's allegation that "as a result of the injury caused by defendants, [he] was physically and mentally incapacitated and was incompetent to manage his own affairs...." for a period of more than one day was sufficient to invoke the tolling provisions of section 9–3–90 and thus to enable him to withstand appellees' motion to dismiss his complaint. *See Lowe*, 257 S.E.2d at 210, 212 (plaintiff's allegation that, as the result of the automobile crash which gave rise to her cause of action, she "was totally physically and mentally incapacitated with the result that she was incompetent to manage her affairs for a period of three weeks following the crash" sufficiently invoked the tolling provisions of Ga.Code Ann. § 3–801 to enable plaintiff to withstand defendant's motion to dismiss); *Barrett*, 116 S.E.2d at 657–58 (plaintiff's allegation that he was "wholly and completely mentally *and* physically disabled from conducting his own ... affairs" sufficiently invoked the tolling provisions of Ga.Code Ann. § 3–801 to withstand a general demurrer); *see also Owen*, 332 S.E.2d at 15–16 (plaintiff's claim, supported by an affidavit from his doctor, that depression resulting from medical problems and stress rendered him unable to manage the ordinary affairs of his life sufficiently invoked O.C.G.A. § 9–3–90 to enable plaintiff to withstand a motion for summary judgment); *cf. Whisnant*, 337 S.E.2d at 767–68 (applying, though distinguishing, the rule of *Barrett* ).

### C. Tolling Pursuant to O.C.G.A. § 36–33–5

Lawson also contends that the district court erred in holding that Lawson did not effect a tolling of the statute of limitations against the City of Augusta by filing an ante litem notice with the City. *See* O.C.G.A. § 36–33–5. Because the merits of Lawson's mental incapacity tolling claim have yet to be determined, we address this additional tolling argument in the interests of judicial economy.

O.C.G.A. § 36–33–5 contains both an exhaustion of administrative remedies requirement and a tolling provision. *See Ehlers v. City of Decatur*, 614 F.2d 54, 56 (5th Cir.1980).[8] The exhaustion provision requires those seeking to sue a municipal corporation to file a notice of claim with the city within six months of the happening of the event upon which the claim against the city is predicated. O.C.G.A. § 36–33–5(b). The tolling provision states that "the running of the statute of limitations shall be suspended during the time that the demand for payment is pending before [the governing authority] without action on their part." O.C.G.A. § 36–33–5(d).

Lawson alleges that he filed the requisite notice with the City within six months of the shooting, as provided in section 36–33–5 and argues that therefore the statute of limitations was tolled. He further argues that, since the City did not respond, the running of the limitations period was never resumed.

The district court rejected this argument as a "red-herring." Observing that the instant case was brought pursuant to 42 U.S.C. § 1983, the court concluded that since the exhaustion requirement of section 36–33–5 is inapplicable to section 1983 actions, *see Ehlers*, 614 F.2d at 56, the tolling provisions similarly are inapplicable. This is incorrect.

Although it is well-established that plaintiffs need not comply with state exhaustion requirements before filing section 1983 claims in federal court, *see id.*, nothing prevents them from so doing. Given that plaintiffs may, if they choose, seek to exhaust state administrative remedies, we conclude that the rule that federal courts must employ the applicable state statute of limitations in section 1983 cases, *see Garcia*, 105 S.Ct. at 1942, 1948–49, clearly requires federal courts to give a section 1983 plaintiff the benefit of any toll effected by his compliance with a state exhaustion requirement.

---

**8.** The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Consequently, Lawson's allegation that he filed an ante litem notice with the City to which the City never responded was sufficient to invoke the tolling provisions of O.C.G.A. § 36–33–5(d) and thus to enable him to withstand the City's motion to dismiss his complaint as untimely.

## III.

Accordingly, the district court's order dismissing the complaint as untimely is REVERSED and the case is REMANDED for proceedings consistent with this opinion.