[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 29, 2005
THOMAS  K. KAHN
CLERK**

No. 04-12829
Non-Argument Calendar

_____

D.C. Docket No. 98-00106-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARD DUANE WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Georgia

_____

**(April 29, 2005)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Bernard Duane Williams appeals the district court's denial as untimely of his motion, filed pursuant to Federal Rule of Criminal Procedure 41(g), for return of $17,210.00 in United States currency seized at the time of his arrest. Williams submits the forfeiture efforts deprived him of due process because he was not given adequate notice of the forfeiture proceeding or of how he might seek relief. Williams contends the Government's efforts to locate him were insufficient, noting he was effectively in federal custody for the entirety of the pendency of the forfeiture proceeding and stating he appeared in federal court approximately nine times before the forfeiture was completed, including a three-day trial at which Drug Enforcement Administration (DEA) agents[1] were present. The Government agrees the DEA's attempts to notify Williams of the pending forfeiture proceeding did not comport with due process and prays we remand the matter to the district court for further proceedings.

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). We review de novo the district court's denial of a Rule 41 motion for return of property. *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 n.8 (11th Cir. 2001).

---

[1] The DEA was the agency engaged in the forfeiture action.

Forfeitures are disfavored and should be enforced only when within both the letter and spirit of the law. *United States v. One 1936 Model Ford V-8 De Luxe Coach, Motor No. 18-3306511*, 59 S. Ct. 861, 865 (1939). The Fifth Amendment requires notice and an opportunity to be heard before the government deprives a person of his property. *D'Aguanno v. Gallagher*, 50 F.3d 877, 881 (11th Cir. 1995). For purposes of administrative forfeiture under the federal drug laws, notice that was reasonably calculated, under all the circumstances, to apprise a potential claimant of the pendency of the action satisfies due process. *Dusenbery v. United States*, 122 S. Ct. 694, 702 (2002). For example, mail addressed to a prisoner at the facility at which he actually is incarcerated is sufficient. *Id.*

Money derived from illegal drug transactions is subject to forfeiture. 21 U.S.C. § 881(a)(6). To achieve administrative forfeiture where, as here, the value of the seized money is relatively small, the DEA must (a) send written notice of the seizure and information concerning applicable procedures to claim the seized property to each person who may have an interest in the property; and (b) cause notice of the seizure and of the intention to forfeit the property to be published once a week for at least three successive weeks in a newspaper of general circulation in the judicial district in which the proceeding is brought. 19 U.S.C.

3

§ 1607(a);[2] 21 C.F.R. § 1316.75(a). If no claim is filed within 20 days from the date of the notice, the DEA may declare the property forfeited. 21 C.F.R. § 1316.77(a).

Although the forfeiture rules provide for only a short response time, the response time period only begins to run upon the giving of notice to the potential claimant. The Government here concedes Williams did not receive effective notice. The mailed notices were sent to locations where Williams was not located, a fact the Government should have known since Williams was essentially in federal custody for the pendency of the forfeiture proceedings. Nothing in the record suggests the jailed Williams would have had access to USA Today to receive the notice published there.

Because Williams did not receive adequate notice, the time period in which he could file a claim for the monies never began to run. His claim, therefore, cannot now fail for timeliness. Accordingly, we vacate the denial of his Rule 41 motion and remand for further proceedings.

VACATED AND REMANDED.

---

[2] Although 19 U.S.C. § 1607 facially applies only to customs seizures, the federal drug laws have incorporated § 1607's procedures for drug-related seizures. 21 U.S.C. § 881(d).