**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 6, 2005
THOMAS K. KAHN
CLERK

**No. 05-13854**
**Non-Argument Calendar**

_____

D. C. Docket No. 04-02604-CV-JEC-1

ANTONIO BERRY,

Plaintiff-Appellant,

versus

ROBERT KELLER,
TRACY GLADDEN,
RITA LEWIS, S/A,
T. D. WARD, et al.,
STATE OF GEORGIA,

Defendants-Appellees.

_____

**Appeal from the United States District Court**
**for the Northern District of Georgia**

_____

**(December 6, 2005)**

Before BIRCH, DUBINA and HULL, Circuit Judges.

**PER CURIAM:**

Antonio Berry, a federal prisoner filed a civil rights action pro se under 42 U.S.C. § 1983, which sought to recover forfeited property he claimed was taken in violation of his constitutional rights. The district court dismissed Berry's claim as time-barred. We AFFIRM.

## I. BACKGROUND

Berry complains of government action that resulted in the forfeiture of his property which, he claims, occurred without notice. This forfeiture occurred on 10 November 1992. Berry has attempted several state court proceedings to get his property back. The first of these was dismissed in February 1995.[1] Berry filed this case in September 2004, alleging a deprivation of his due process rights in violation of the federal Constitution. Because Berry is a pro se prisoner filing an action in federal court, the district court conducted a frivolity analysis pursuant to 28 U.S.C. § 1915A on the underlying claim and decided that his claim was not frivolous. The appellees moved for dismissal because the claim was time barred, and the court granted the motion.

---

[1] The district court found, and Berry admits to a federal action dismissed in 1992, but because this is a motion to dismiss, we will limit the factual underpinnings of our inquiry to the complaint and documents attached thereto.

## II. DISCUSSION

We review <u>de novo</u> a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state upon which relief may be granted. <u>Marsh v. Butler County</u>, 268 F.3d 1014, 1022 (11th Cir. 2001) (<u>en banc</u>). We accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. <u>Kyle K. v. Chapman</u>, 208 F.3d 940, 942 (11th Cir. 2000). Because Berry is proceeding <u>pro se</u>, we construe his pleadings more liberally than we would formal pleadings drafted by lawyers. <u>Powell v. Lennon</u>, 914 F.2d 1459, 1463 (11th Cir. 1990).

Documents attached to the complaint are treated as part of the allegations. <u>Solis-Ramirez v. United States Dept. of Justice</u>, 758 F.2d 1426, 1430 (11th Cir. 1985) (per curiam). If a proper ground exists, the decision below can be affirmed, even for a reason other than that upon which the lower court denied relief. <u>Turlington v. Atlanta Gas Light Co.</u>, 135 F.3d 1428, 1433 n.9 (11th Cir. 1998). We proceed in two parts: first we explain why the district court should be affirmed, and second we discuss why Berry's arguments are unavailing.

### A. <u>§ 1983 Claim Is Time-Barred</u>

Federal courts apply the forum state's statute of limitations for personal

injury actions to actions brought under § 1983. Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003) (per curiam). In Georgia, the forum state here, the personal injury statute of limitations is two years. O.C.G.A. § 9-3-33. The statute of limitations does not begin to run until the facts that would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. Rozar v. Mullis, 85 F.3d 556, 561–62 (11th Cir. 1996). A plaintiff must know or have reason to know that he was injured. Id. at 562. "This rule requires a court first to identify the alleged injuries, and then to determine when plaintiffs could have sued for them." Id.

In calculating the applicable time period, federal courts must give a § 1983 plaintiff the benefit of any toll effected by the plaintiff's compliance with a state exhaustion requirement, even if that exhaustion requirement does not apply to federal claims. Lawson v. Glover, 957 F.2d 801, 806 (11th Cir. 1987). In Lawson, for example, we ruled that the statute of limitations had not run because the plaintiff had complied with a state exhaustion provision which (a) required persons suing municipal corporations to submit a notice of claim to the city; and (b) stated that the statute of limitations was suspended during that time that the demand was pending. Id. Because the city never responded to the notice, the statute of limitations never began to run. Id. at 807.

4

Turning to the facts of this case, it is clear that Berry knew of the state forfeiture action on 7 February 1995, as that is the date of a judgment against his claim in state court in his attempt to recover his seized property.[2] Using that date as starting point, Berry then had until 7 February 1997 to file this action,[3] a deadline he missed by more than seven years. Because the limitations period had run, the district court properly dismissed Berry's claims.

B. Berry's Arguments

Berry presents three arguments for reversal, but the arguments do not address our grounds for deciding the case. First, Berry asserts that the case must be permitted to proceed because the district court found that his claim was not

---

[2] Ordinarily, Georgia's two-year statute of limitations would have run by November 1994, that is, two years after the property was forfeited, but there is no direct evidence in the record that Berry received notice. By Berry's own admission, however, he was aware of the forfeiture at some point before February 1995, because on that date the state court denied his first attempt to have the forfeited property returned to him. Berry does not indicate when he filed that proceeding, but construing the complaint generously, we can assume that he instituted it before the February 1995 dismissal.

[3] The district court used December 1993 as the date at which Berry became aware of the forfeiture. This caused the district court to conclude that December 1995 was the last-chance filing date relevant to determining when the statute of limitations ran. These dates were based on a lawsuit Berry allegedly filed in the district court in December 1993 seeking the return of the forfeited property, which Berry concedes to filing in his appellate brief. However, because the December 1993 action is not mentioned in the complaint or any document attached thereto or referenced therein, the district court records identifying that action were outside the scope of the record for purposes of ruling on the Fed. R. Civ. P. 12(b)(6) motion. The error, however, is harmless.

frivolous. Second, Berry contends that the statute of limitations was tolled while he was pursuing state remedies. Third, Berry claims that the statute of limitations only begins to run when the property owner is properly notified of the forfeiture action, which never occurred here, citing our unpublished decision in United States v. Williams, No. 04-12829 (11th Cir. April 29, 2005).

The frivolity screening undertaken by the district court here only required the court to take a look at the case as soon as it was filed and make a preliminary determination as to the case's possible validity. See 28 U.S.C. § 1915A. Nothing in the statute provides a plaintiff with immunity from any meritorious defense a defendant thereafter raises. Further, regarding his tolling argument, Berry was not entitled to any tolling for that time he spent pursuing relief in state court because nothing in state or federal law required him to exhaust his claims there before pursuing this action.

In Williams, we vacated a criminal forfeiture order because the defendant had not been served with notice of the proceeding, indicating that the time period within which he could file a claim never began to run. However, Williams involved a motion filed in the actual forfeiture proceeding, and not an action brought under § 1983 seeking collateral review of a state court proceeding. Thus, Williams does not provide any reason to ignore the rule being applied in this case

that the limitation period begins to run when the person with the claim had actual notice.

### III. CONCLUSION

Berry appealed the dismissal of his civil rights action for recovery of property seized in 1992. Because he filed this action more than two years after he became aware of the forfeiture of his property, Berry's claim is time barred. We, therefore, **AFFIRM** the district court's dismissal of this action.