NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2012[*]
Decided October 19, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 12-1659

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| *v.* | |
| | No. 07-40084 |
| MATTHEW A. TURNER, | |
| *Defendant-Appellant.* | Michael M. Mihm, |
| | *Judge.* |

**O R D E R**

Matthew Turner appeals the denial of his challenge to the administrative forfeiture of a BMW vehicle seized after his arrest on drug conspiracy charges. We affirm.

Turner was arrested in fall 2007, and several weeks later law enforcement agents seized a 2002 BMW 745Li from his sister's garage and initiated administrative forfeiture

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(c).

procedures. *See* 18 U.S.C. § 983; 19 U.S.C. §§ 1602–19. In January 2008 the Drug Enforcement Administration sent forfeiture notices via certified mail return receipt requested to Turner at three addresses: Henry County Jail, where he was incarcerated; his last known home address; and his counsel's office. The notices identified the vehicle seized, explained that the forfeiture could be contested by filing a claim with the DEA Forfeiture Counsel, and warned that the DEA must receive the claim by February 28, 2008. Return receipts were signed at the jail and counsel's office, but the notice to Turner's last known home address was returned as undeliverable. Notice also was published in the *Wall Street Journal* weekly over three consecutive weeks in early 2008.

The BMW was declared forfeited by the DEA in May 2008. *See* 19 U.S.C. § 1609. Less than a year later, Turner was convicted by a jury of conspiring to distribute drugs and firearm possession.

In December 2009 Turner filed a motion under Federal Rule of Criminal Procedure 41(g) for return of the BMW, alleging denial of due process because he did not receive notice of the forfeiture proceeding. In subsequent filings he added that the BMW's seizure was unreasonable within the meaning of the Fourth Amendment.

The district court recognized that 18 U.S.C. § 983(e), not Rule 41(g), was the proper mechanism to challenge an administrative forfeiture and recast Turner's submission accordingly. *See United States v. Sims,* 376 F.3d 705, 708 (7th Cir. 2005). Construing Turner's action under § 983(e), the court denied the motion, concluding that (1) actual receipt of notice was not required for due process and (2) in any event the government took reasonable steps to provide notice of the administrative forfeiture proceeding. The court did not address Turner's Fourth Amendment argument.

On appeal Turner challenges the district court's conclusion that due process does not require actual receipt of notice, particularly when the party seeking return of property is a prisoner in the government's custody. This conclusion, in Turner's view, violates "plain American notions of fairness" and any "meaningful interpretation of . . . due process."

In an administrative forfeiture proceeding, individuals whose property interests are at stake are entitled to notice "reasonably calculated under all the circumstances" to apprise them of the proceedings. *Dusenbery v. United States,* 534 U.S. 161, 173 (2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)); *Chairez,* 355 F.3d at 1101. "Due process requires no more." *Dusenbery,* 534 U.S. at 173. Due process requires neither actual notice, *see id.* at 171; *Ho v. Donovan,* 569 F.3d 677, 680 (7th Cir. 2009), nor special or "heroic" efforts by the government to assure that a particular piece of mail reaches a prisoner in custody. *Dusenbery,* 534 U.S. at 170–72.

As for the manner in which notice of forfeiture must be sent to incarcerated prisoners in order to comply with due process, we have approved sending notice by certified mail to the prisoner at the jail, where an authorized jail employee signs for it. *See Chairez*, 355 F.3d at 1101. Any requirement that a reviewing court (or federal agency seeking forfeiture) inquire into the mail-distribution procedures would be "burdensome and impractical," given the variation in how jails and prisons handle mail. *Id.* At least six other circuits agree that notice sent by certified mail to the prisoner at the jail presumptively satisfies due process. *United States v. $73,919.00 in U.S. Currency More or Less,* No. 10-50728, 2011 WL 5984713, at *3 (5th Cir. 2011) (unpublished decision); *United States v. Williams,* No. 04-12829, 2005 WL 1004096, at *1 (11th Cir. 2005) (unpublished decision); *Whiting v. United States,* 231 F.3d 70, 77 (1st Cir. 2000); *Dusenbery v. United States,* 223 F.3d 422, 424–25 (6th Cir. 2000), *aff'd* 534 U.S. 161 (2002); *United States v. Real Prop.,* 135 F.3d 1312, 1315–16 (9th Cir. 1998); *United States v. Clark,* 84 F.3d 378, 381 (10th Cir. 1996). *But see Nunley v. Dept. of Justice,* 425 F.3d 1132, 1137–38 (8th Cir. 2005) (rejecting presumption; "*Chairez* underemphasizes the likelihood that a second distribution system affects the delivery of mail to prisoners, overemphasizes the difficulty of assessing such systems, and misconstrues *Dusenbery*"); *United States v. One Toshiba Color Television,* 213 F.3d 147, 150 (3d Cir. 2000) (en banc) (requiring government to prove mail-delivery procedures at prison are reasonably calculated to provide notice because "the relative difficulty to the government to effect actual notice is reduced, while the ability of prisoners to ensure that they received notices directed to them suffers"); *United States v. Minor,* 228 F.3d 352, 358 (4th Cir. 2000) (acknowledging that due process will usually be satisfied if government sends certified mail to prison, but adding that any notice requirement still "mandates a context-specific inquiry").

The DEA's notices more than satisfy our rule. Although hand-delivering notice to prisoners for signature—as Turner requests—may be a preferable procedure, due process does not require the best possible method of notification. *See Krecioch v. United States,* 221 F.3d 976, 981 (7th Cir. 2000).

Turner also argues that the district court overlooked his claim that his BMW was unreasonably seized in violation of the Fourth Amendment. He maintains that the government cannot prove that he bought the BMW with drug-trafficking proceeds. But the district court lacked jurisdiction to review this claim after having determined that the DEA's notice procedure satisfied due process. *See Chairez,* 355 F.3d at 1101.

AFFIRMED.