[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13287
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-00066-WBH

PETER MEYER,

Plaintiff-Appellant,

versus

GWINNETT COUNTY,
GWINNETT COUNTY POLICE DEPARTMENT,
JENNIFER ROBERTS,
individually and in her official capacity as a
Gwinnett County Police Officer,
VICTORIA KIRKPATRICK,
KIRK BASONE,
LA PETITE ACADEMY, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 6, 2016)

Before TJOFLAT, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Under Georgia law, the statute of limitations is tolled for periods of time when "[i]ndividuals . . . are legally incompetent because of intellectual disability or mental illness."  O.C.G.A. §§ 9–3–90(a); § 9–3–91.  The issue in this appeal is whether Plaintiff Peter Meyer's allegations of mental incapacity were sufficient to withstand a motion to dismiss on statute-of-limitations grounds.  The district court concluded that Meyer's allegations were insufficient, granted the defendants' motions to dismiss, and then denied Meyer's motion for reconsideration.  After careful review, we hold that the district court erroneously dismissed the complaint, and we therefore reverse and remand for further proceedings.

## I.

This case arises out of Plaintiff Peter Meyer's arrest and incarceration on charges of sexually abusing a young girl.[1]  Meyer was friends with the girl's parents and had been watching her while her parents were out of town.  One day, Meyer took the girl to day care.  Based on the girl's behavior at day care, a staff member came to believe that the girl had been molested.  The police became involved and investigated, and Meyer was arrested and charged with child

---

[1] We take these allegations from the operative second amended complaint, and we assume they are true for purposes of this appeal.  *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

2

molestation.  He stayed in jail for twenty months, losing nearly 70 pounds over that time.  He was released in December 2011 after charges were dropped.

On January 9, 2014, Meyer filed this lawsuit in the United States District Court for the Northern District of Georgia, alleging state claims of malicious prosecution, false imprisonment, and defamation, and a federal claim of deliberate indifference to constitutional rights under 42 U.S.C. § 1983.

After a series of amendments to the complaint, the various defendants filed motions to dismiss on grounds (among others) that Meyer's claims were time barred.  For his part, Meyer alleged that the statute of limitations should be tolled because he was mentally incapacitated for a period after his release from incarceration.  He alleged that, while in jail, he had suicidal thoughts and resorted to cutting himself, and, upon his release, he had constant suicidal thoughts and exhibited severe mental and emotional distress.  Citing to an attached affidavit from a psychiatrist, Meyer also alleged that he was diagnosed with Post-Traumatic Stress Disorder ("PTSD") and that, when he was released, "he was of such unsound mind that he was unable to carry on his ordinary life affairs."

The district court determined that Meyer had not met the "high bar" of proving mental incapacity under Georgia law and granted the defendants' motions to dismiss on grounds that the action was time barred.  Meyer moved the court to reconsider its order, producing additional evidence in support of his claim of

mental disability, but the court denied the motion.  Meyer timely appealed the denial of his motion for reconsideration and "all previous rulings."

## II.

We review *de novo* an order granting a motion to dismiss for failure to state a claim, accepting the allegations in the complaint as true and construing all reasonable inferences in the plaintiff's favor.[2] *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).  We review an order denying a motion for reconsideration for an abuse of discretion.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  A district court abuses its discretion by making a clear error of judgment or by applying the wrong legal standard.  *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238 (11th Cir. 2006).

## III.

Personal-injury claims under Georgia law "shall be brought within two years after the right of action accrues."  O.C.G.A. § 9–3–33.  Injuries to reputation "shall be brought within one year after the right of action accrues."  *Id.*  "[T]he proper limitations period for all section 1983 claims in Georgia is the two year period set

---

[2] We recognize that Meyer's briefing expressly challenges only the district court's denial of his motion for reconsideration.  Nonetheless, Meyer's primary contention, and the only argument we address in this appeal, is that the court erred in concluding that Meyer's allegations of mental incapacity were insufficient to withstand a motion to dismiss on statute-of-limitations grounds.  In other words, Meyer challenges the dismissal order.  There is no jurisdictional impediment to our review of that order because Meyer's notice of appeal adequately designated it, and his motion for reconsideration counts as a tolling motion under Rule 4(a)(4), Fed. R. App. P.

forth in O.C.G.A. § 9-3-33 for personal injuries." *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). When applying state limitations periods to § 1983 claims, we also apply any relevant state tolling provisions. *Wilson v. Garcia*, 471 U.S. 261, 269, 105 S. Ct. 1938, 1943 (1985).

Limitations periods under Georgia law may be tolled during periods of the plaintiff's mental incapacity. *See* O.C.G.A. §§ 9–3–90(a) (disability before accrual of right of action); *id.* § 9–3–91 (disability after accrual of right). Tolling applies in "situations where it is not fair to charge a suitor with the running of the clock, because of his mental condition." *Martin v. Herrington Mill, LP*, 730 S.E.2d 164, 166 (Ga. Ct. App. 2012) (quotation marks omitted). "[T]he test to be applied is whether the one claiming the disability has such unsoundness of mind . . . as to incapacitate one from managing the ordinary business of life." *Id.* (internal quotation marks omitted).

The district court dismissed the complaint, and then denied reconsideration, because Meyer had not met the "high bar" of proving mental incapacity under Georgia law. We have no reason to doubt that the burden of **proving** mental incapacity sufficient to toll the limitations period is a difficult one to meet. However, the standard for **alleging** mental incapacity so as to invoke the tolling provision for mental incapacity and withstand a motion to dismiss is not so onerous. *Cf. La Grasta*, 358 F.3d at 845 ("[A] Rule 12(b)(6) dismissal on statute

of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." (internal quotation marks omitted)).

The Georgia Court of Appeals has held that an allegation that, due to a car accident, the plaintiff "was totally physically and mentally incapacitated with the result that she was incompetent to manage her affairs" was sufficient to withstand a motion to dismiss. *Lowe v. Pue*, 257 S.E.2d 209, 212 (Ga. Ct. App. 1979). In light of *Lowe*, this Court likewise has held that a plaintiff's allegation that "as a result of the injury caused by defendants, [he] was physically and mentally incapacitated and was incompetent to manage his own affairs" was sufficient to invoke the tolling provisions of § 9–3–90 and thus withstand a motion to dismiss on statute-of-limitations grounds. *Lawson v. Glover*, 957 F.2d 801, 805-06 (11th Cir. 1987).

Under *Lowe* and *Lawson*, Meyer's allegation in the operative complaint that, "when [he] was released from jail, he was of such unsound mind that he was unable to carry on his ordinary life affairs," Doc. 33 ¶ 63, is sufficient to withstand a motion to dismiss on statute-of-limitations grounds. *See Lowe*, 257 S.E.2d at 212; *Lawson*, 957 F.2d at 805-06. None of the cases relied on by the district court and the appellees are to the contrary because they all concern a plaintiff's ultimate burden of proof on appeal from summary judgment, not the sufficiency of allegations in the face of a motion to dismiss. *See Martin*, 730 S.E.2d at 165-67; *Anglin v. Harris*, 534 S.E.2d 874, 875 (Ga. Ct. App. 2000); *Carter v. Glenn*, 533

6

S.E.2d 109, 111-12 (Ga. Ct. App. 2000); *Charter Peachford Behavioral Health Sys., Inc. v. Kohout*, 504 S.E.2d 514, 519 (Ga. Ct. App. 1998).

Accordingly, we conclude that Meyer's allegation of mental incapacity was sufficient to withstand a motion to dismiss on statute-of-limitations grounds.  *See Lowe*, 257 S.E.2d at 212; *Lawson*, 957 F.2d at 805-06.  The district court therefore erred in dismissing the complaint and denying reconsideration.  That does not mean, as the appellees assert, that the allegation alone tolls the limitations period.  We express no opinion on whether Meyer is entitled to tolling for mental incapacity or whether his claims otherwise have merit.[3]

We **REVERSE** the orders dismissing Meyer's complaint and denying his motion for reconsideration, and we **REMAND** for further proceedings consistent with this opinion.

---

[3] Meyer also contends that the district court committed several other errors: (1) improperly resolving a question of fact—mental incapacity—as a matter of law; (2) failing to give appropriate weight to the treating psychiatrist's affidavit; and (3) failing to consider new evidence attached to his motion for reconsideration showing his mental incapacity.  We do not address these arguments because we vacate and remand for further proceedings.

7